OPINION OF THE COURT
Chief Judge Cooke.
The issue in this case is whether respondent is entitled under section 485-b of the Real Property Tax Law to a partial exemption from school taxes levied on its property in the Town of Huntington, Suffolk County. Inasmuch as respondent’s property was not encompassed by the school board’s resolution removing the exemption, respondent is entitled to the exemption. The" order of the Appellate Division should therefore be affirmed.
*275 Respondent Newsday is a daily newspaper based on Long Island. In November, 1977, it was granted a building permit from the Town of Huntington for a $6.5 million publishing plant and began construction. In September, 1978, Newsday representatives asked the town assessor about the procedures for obtaining a partial tax exemption and were told to file an application by June 1, 1979.
By April 9, 1979, the publishing plant was 90% completed, and the town issued a temporary certificate of occupancy on April 12. When Newsday filed for a partial exemption under section 485-b of the Real Property Tax Law on May 10, the assessor stated that it would have an exemption from town, county and special district taxes, but not school taxes. The assessor explained that the school district had adopted on April 9, 1979, a resolution that reduced to zero the exemption authorized under section 485-b.
Newsday then brought an action for a judgment declaring that its printing plant was entitled to a partial exemption from school taxes pursuant to section 485-b. Supreme Court granted Newsday’s motion for summary judgment, and the Appellate Division affirmed with one Justice dissenting.
This dispute concerns the applicability to respondent of the tax exemption program established by section 485-b of the Real Property Tax Law. The section, enacted in 1976 (L 1976, ch 278, § 1), granted partial tax exemptions for a 10-year period to encourage the construction and expansion of commercial and industrial facilities in the State (see memorandum of Executive Department, McKinney’s Session Laws, 1976, pp 2309-2310).
Subdivision 7, however, permitted various local governmental units and a school district that levied school taxes to “reduce the per centum of exemption otherwise allowed pursuant to this section”. As enacted, the subdivision thus permitted a reduction in the exemption, even on property that had previously énjoyed such an exemption. In 1977, the Legislature amended subdivision 7 to restrict such reductions by providing that “exemptions existing prior in time to passage of any such local law or resolution [reduc *276 ing the exemption authorized] shall not be subject to any such reduction so effected” (L 1977, ch 397, § 1). The municipality or school district remained free to opt out of the exemption program with respect to property that at that time did not enjoy an exemption.
On April 9, 1979 the Board of Education of the Half Hollow Hills School District of Huntington and Babylon adopted a resolution that rescinded a prior resolution* and denied the exemption set forth in section 485-b “to any Real Property constructed, altered, or improved after the date of this resolution.” The focus of the dispute in this case is the effect of the April 9 resolution upon respondent’s property.
Respondent argues that the amended language of subdivision 7 permitted localities to opt out of the exemption program only with respect to projects that were commenced after the effective date of the local law or resolution. Such a position finds no support in the language of the statute, which speaks of “exemptions existing prior.in time to passage of any such local law or resolution” (emphasis added). At the time that the resolution was passed, News-day had not completed the procedures set forth elsewhere in section 485-b for obtaining an exemption. Thus, strictly speaking, an exemption did not “exist” on April 9, 1979, when the resolution was approved.
Newsday nonetheless urges that the plant was entitled to an exemption because it had been built, at a cost of millions of dollars, in reliance upon the availability of the partial exemptions. This court has no occasion to consider the merits of this argument, however, because the language of the school board’s resolution simply did not encompass the Newsday project.
There is an affirmed finding of fact below that as of the date of the resolution, the plant was at least 90% completed. Indeed, three days later the Town of Huntington issued a temporary certificate of occupancy. By its own terms, the resolution applied only to property “constructed, altered, or improved” after the date of the resolution. *277 Certainly, under any reasonable reading of the word “constructed”, the newspaper’s plant fell outside the terms of the resolution. The assessor, therefore, erred when he subsequently denied Newsday a partial exemption from school taxes based upon the school board’s resolution.
Finally, in light of the resolution’s language, the contention of the amicus curiae that as of the “taxable status date” of June 1, 1979, the school district had withdrawn the assessor’s authority to grant an exemption misses the mark. The resolution withdrew the assessor’s authority to grant exemptions only for projects constructed, altered or improved after April 9, 1979.
In conclusion, although local governments and certain school districts may remove themselves from the tax exemption program of section 485-b of the Real Property Tax Law, the school board’s resolution did not apply to the project in question. The property was therefore entitled to the exemption.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

 The prior November 22, 1976 resolution, to which the April 9, 1979 resolution referred, merely stated that the school district would take part in the exemption program. This resolution had no practical effect because section 485-b made the partial exemptions mandatory unless a locality opted out of the program.