57 N.Y.2d 802 (1982)
In the Matter of Health Insurance Plan of Greater New York, Appellant,
v.
Edward V. Sullivan, as Assessor of the Town of Brookhaven, et al., Respondents, and Three Village Central Schools of the Towns of Brookhaven and Smithtown, Intervenor-Respondent.
Court of Appeals of the State of New York.
Argued September 7, 1982.
Decided October 5, 1982.
Bruce H. Schneider, Charles G. Moerdler and Edward Tessler for appellant.
Benjamin L. Herzweig for respondents.
Chief Judge COOKE and Judges JASEN, JONES, WACHTLER, FUCHSBERG and MEYER concur; Judge GABRIELLI taking no part.
*804 MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, Suffolk County, should be reinstated.
The fact that section 486 of the Real Property Tax Law does not include a health service corporation in the corporations it lists as "entitled to the exemption provided in the insurance law" does not exclude such a corporation from the exemption granted by subdivision 3 of section 251 of the Insurance Law, which expressly includes "a health service corporation" and provides that it "shall be exempt from every state, county, municipal and school tax."
No more helpful to respondents are sections 256 and 260 of the Insurance Law or section 486-a of the Real Property Tax Law. The fact that subdivision 1 of section 256 of the *805 Insurance Law proscribes investment in real estate by such a corporation except as authorized pursuant to subdivision 1 of section 260 is irrelevant to the determination of taxability. Petitioner's purchase of the real property in question was authorized by the Superintendent of Insurance. Any question of the propriety of its holding the property in a vacant state for 12 years is for the Superintendent of Insurance, not the taxing authorities, and does not authorize the latter to return the property to the assessment rolls on the theory that because it is not being used it is no longer properly held by petitioner.
Order reversed, etc.