■ In the Matter of SALVATORE J. FIATO et al., Respondents, v TOWN OF GUILDERLAND et al., Appellants, and GUILDERLAND CENTRAL SCHOOL DISTRICT, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered October 30, 1981 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to declare petitioners' property in the Town of Guilderland exempt from taxation to the extent permitted in section 485-b of the Real Property Tax Law, and to have such exemption entered upon the tax rolls of the Town of Guilderland.

Petitioners commenced construction of a restaurant on or about October 1, 1979, on a site located in the Town of Guilderland (town). At that time the town had in effect a real property tax exemption pursuant to section 485-b of the Real Property Tax Law. Petitioners allege that they relied upon this exemption when they initiated construction. The business investment exemption, enacted in 1976, allows for a 50% reduction in real property taxes for the first year for any increase in assessed value which is attributable to any construction, alteration, installation or improvement made subsequent to July 1, 1976. This 50% exemption is decreased by 5% each year during an additional period of nine years (Real Property Tax Law, § 485-b, subds 1, 2, par [a]). The statute, however, grants localities the opportunity to "opt out" of the exemption by reducing, through local law or resolution, the percentages of tax relief otherwise allowed (Real Property Tax Law, § 485-b, subd 7). An amendment enacted in 1977 provides that exemptions already in existence at the time of the enactment of the local law or resolution shall not be affected by any such local action (Real Property Tax Law, § 485-b, subd 7). In December, 1979, the town board of respondent town passed a local law effectively reducing the percentage of this exemption from real property taxation to zero. Shortly thereafter, in February, 1980, respondent Guilderland Central School District, by resolution of the board of education, reduced the tax exemption percentage to zero. On or about April 1, 1981, petitioners filed an application for the business investment exemption. In their application, petitioners stated that construction of their restaurant had been completed on April 15, 1980. Respondent Shirley Royak, assessor of the Town of Guilderland, returned the application on or about April 15, 1981, stating that the town and the Guilderland Central School District no longer allowed the business investment exemption. In this article 78 proceeding, petitioners demand a judgment (1) declaring that their Guilderland property was exempt from taxation to the extent permitted by the business investment exemption; (2) directing that the exemption be entered upon the tax rolls of the town; and (3) directing respondents to pay a refund to petitioners for taxes paid as a result of respondents' refusal to award the exemptions. Special Term granted the first two demands of the petition, but denied petitioners' request for a tax refund, holding that they had failed to comply with the statutory requirements of article 7 of the Real Property Tax Law in seeking to affect an already-finalized tax roll. This appeal by the town and its assessor ensued. Petitioners first contend that they possessed a vested right to an exemption in December, 1979, when the subject resolution was passed, since they had commenced construction of a project which, absent the town's resolution, would have qualified for an exemption pursuant to section 485-b of the Real Property Tax Law. This contention has been rejected by the Court of Appeals (*Newsday, Inc. v Town of Huntington,* 55 NY2d 272, 276) and, accordingly, we must do the same. *Newsday* instructs us that under the terms of section 485-b of the Real Property Tax Law an exemption does not exist until all procedures for obtaining an exemption set forth in that statute have been completed. At the time the subject resolution was passed petitioners had not as yet even applied for an exemption. Petitioners next contend that, even if they have no legal right to an exemption, the town was nevertheless estopped from denying it to them. Specifically they assert that the availability of the subject exemption was an inducement and that they constructed the restaurant in reliance upon that availability. Petitioners, however, have failed to substantiate this contention as the instant record contains no evidence to support such an argument. We have examined petitioners' remaining contentions and find them to be without merit. Judgment reversed, on the law and the facts, without costs, and petition dismissed. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.