■ DANIEL DOMINSKI, Appellant, v FIRESTONE TIRE & RUBBER Co. et al., Respondents. — Appeal (1) from an order of the Supreme Court at Special Term (Hughes, J.), entered December 24, 1981 in Rensselaer County, which granted a motion by certain defendants to vacate plaintiff's interrogatories and notice for discovery and inspection, and denied plaintiff's cross motion to compel discovery, and (2) from an order of said court, entered March 24, 1982 in Rensselaer County, which denied plaintiff's motion to renew his application to compel discovery. Plaintiff commenced the present action based on negligence and strict products liability to recover for a personal injury allegedly sustained when he was struck by an object thrown by a rotary power lawn mower manufactured by defendant MTD Products, Inc. (MTD), and sold by defendant Firestone Tire & Rubber Co. Following the joinder of issue, extensive discovery proceedings occurred. In October, 1981, plaintiff served on MTD interrogatories and a notice for discovery and inspection. Defendants thereafter moved for a protective order vacating plaintiff's interrogatories and notice for discovery and inspection alleging, *inter alia,* that the demands were improper in form and scope and sought irrelevant information. In the notice of motion it was demanded pursuant to CPLR 2214 (subd [b]) that all answering affidavits be served at least five days prior to the return date of the motion. One day before the return date plaintiff served a notice of cross motion and affirmation seeking an order compelling MTD to answer the interrogatories and comply with the discovery notice. On the return date of the motion, plaintiff attempted to serve a memorandum of law. By order entered September 24, 1981, Special Term granted defendants' motion due to plaintiff's default in submitting any factual affidavit in opposition to the motion and denied plaintiff's cross motion as untimely. Plaintiff subsequently moved, pursuant to CPLR 2221, to renew his prior motion. Special Term denied plaintiff's motion and this appeal ensued. Plaintiff contends that the court

erred in granting defendants' motion for a protective order. Concededly, however, plaintiff's answering papers were untimely under CPLR 2214 (subd [b]). Plaintiff failed to offer a sufficient excuse for the late service and, therefore, Special Term properly enforced the requirements of CPLR 2214 and refused to consider them (*Wallin v Wallin,* 34 AD2d 870). Based upon the facts as alleged in defendants' moving papers, Special Term could properly grant the motion for a protective order and we find no abuse of discretion by Special Term in granting defendants' motion. We would also note that plaintiff's cross motion to compel disclosure was not timely served (CPLR 2215). Concerning plaintiff's motion to renew, we would note that such a motion must be based upon additional material facts which existed at the time the prior motion was made but not then known to the party seeking leave to renew (*Foley v Roche,* 68 AD2d 558). No such facts were presented on plaintiff's motion to renew and, therefore, Special Term properly denied the motion. Accordingly, the orders must be affirmed. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.