■ In the Matter of GROUP HEALTH INCORPORATED, Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents. — Judgment of the Supreme Court, New York County (Blangiardo, J.), entered August 3, 1981, dismissing the petition of petitioner-appellant Group Health Incorporated (GHI), which sought review and vacatur of a denial by respondents-respondents, Tax Commission of the City of New York and the Finance Administrator of the City of New York, of tax exemption for petitioner's real property for the fiscal year 1980/1981, is reversed, on the law and facts, without costs, and the petition is granted to the extent that said real property is declared exempt from real estate taxation for the fiscal tax year 1980/1981 up to December 18, 1980. GHI is a not-for-profit corporation organized pursuant to article 9-C of the Insurance Law for the purpose of providing medical expense indemnity and health service for its subscribers. Article 9-C of the Insurance Law places substantially all of the business activities of GHI under the jurisdiction of the Superintendent of Insurance. Pursuant to subdivisions 1 and 2 of section 260 of the Insurance Law, GHI may, with the approval of the superintendent: "1 * * * invest in such real property as it may reasonably expect will be required for its principal office and the principal office or offices of any other corporation organized under this article which is affiliated with and which shares such principal office or offices with such corporation, or for such purposes as shall be requisite for the convenient accommodation in the transaction of the business of such corporations * * * 2 * * * purchase an interest in real estate for the purpose of constructing a hospital or other health facility or center thereon". With respect to property so acquired, subdivision 3 of section 251 of the Insurance Law provides: "Every such corporation including a health service corporation or any of its instrumentalities or any hospital, facility or center directly operated by any such health service corporation, shall be exempt from every state, county, municipal and school tax." Section 486 of the Real

Property Tax Law provides: "Real property owned by a medical expense indemnity corporation, dental expense indemnity corporation or hospital service corporation shall be entitled to the exemption provided in the insurance law." On December 7, 1967, GHI acquired the property involved herein consisting of a lot, improved with a 20-story building and a five-story building, with the approval of the Superintendent of Insurance for use as its principal office. GHI used the property as a principal office until the latter part of 1974. In that year, it located other property which it considered a preferable location for its principal office. GHI acquired those premises with the approval of the Superintendent of Insurance. Such approval was granted on August 23, 1974, and made subject to the condition "[t]hat [the property herein] be disposed of within a period of five years." GHI commenced relocating offices to the second property following its purchase and substantially completed the move by November, 1976. However, it was not able to dispose of the original property (the property herein) within five years from August 23, 1974. GHI occupied some of the space, other space was leased and a large part of the space was vacant. The Insurance Department was kept informed of GHI's efforts to market the property herein. In fact, any sale had to be approved by the Insurance Department. One proposed sale was found unacceptable by the Insurance Department in May, 1980. Ultimately, the property was sold on December 18, 1980. That sale thus occurred after the formal permission of the superintendent to retain the property had expired. On September 24, 1980, GHI instituted this proceeding. GHI's petition asserted that the property was entitled to total exemption pursuant to statute. In the alternative, it was claimed that the property was entitled to at least an exemption of 66.7% (covering those parts occupied by nonprofit entities). GHI concedes that the property was sold on December 18, 1980, so that only the portion of 1980/1981 taxes due to that date is at issue in this appeal. Special Term held, *inter alia,* that since the property was not being used as GHI's principal office, it was not entitled to exemption and that it had properly been denied tax exemption. This was in error. The Court of Appeals, in recently deciding a case where a health service corporation originally acquired land for the erection of a medical facility and then held it in a vacant state for 12 years, has stated: "No more helpful to respondents are sections 256 and 260 of the Insurance Law or section 486-a of the Real Property Tax Law. The fact that subdivision 1 of section 256 of the Insurance Law proscribes investment in real estate by such a corporation except as authorized pursuant to subdivision 1 of section 260 is *irrelevant* to the determination of taxability. Petitioner's purchase of the real property in question was authorized by the Superintendent of Insurance. *Any question of the propriety of its holding the property in a vacant state for 12 years is for the Superintendent of Insurance, not the taxing authorities,* and does not authorize the latter to return the property to the assessment rolls on the theory that because it is not being used it is no longer properly held by petitioner." (*Matter of Health Ins. Plan of Greater N.Y. v Sullivan,* 57 NY2d 802, 804-805; emphasis added.) In the instant case, the superintendent disapproved a proposed sale of the property in May of 1980, nearly a year after the purported August, 1979 deadline had expired. Any question of the propriety of petitioner's holding the property was for the Superintendent of Insurance and not for the taxing authorities (*Matter of Health Ins. Plan of Greater N.Y. v Sullivan, supra,* at p 805). It was improper for the respondents to substitute their judgment for that of the superintendent. The prior litigation and settlement stipulation between the parties does not preclude petitioner from challenging the tax determination of respondents for 1980/1981. The determination of the taxable status of any one year is not *res judicata* for any other year (see *Town*

*of Harrison v County of Westchester,* 34 Misc 2d 1020, 1030-1031, affd 18 AD2d 1136, affd 13 NY2d 258). Moreover, collateral estoppel will not bar the litigation of a tax issue litigated in a prior year where there has been a change or development in the controlling legal principles (see *Commissioner v Sunnen,* 333 US 591, 599-600). The Court of Appeals decision in *Sullivan* is just such a significant development in the applicable legal principles. Concur — Ross, J. P., Asch, Milonas and Alexander, JJ.