OPINION OF THE COURT
Lawrence E. Kahn, J.
Petitioner seeks to review the tax assessment on real property owned by it in the Town of Guilderland, and an order and judgment declaring said real property tax assessment and the tax based thereon to be illegal and void, to the extent that said property is partially exempt from real property tax assessment pursuant to section 485-b of the Real Property Tax Law.
Petitioners commenced construction of a racquetball club on or about May 1, 1979 on certain lands on McKown Road in the Town of Guilderland, Albany County. On October 5, 1979, petitioner applied for a business tax exemption for said property pursuant to the above provision of the Real Property Tax Law, which authorizes a developer to claim a partial exemption from local real property taxes, special ad valorem levies and service charges for a 10-year period. Said statute authorizes local *70 governments the option of declining to grant this exemption. In December of 1979, the town board enacted Local Law No. 5 of the Town of Guilderland, which rescinded the town's participation in the tax exemption. Thereafter, the respondent, Guilderland Central School District, enacted a similar resolution. On May 16,1980, the respondent, Town of Guilderland Tax Assessor, advised petitioner that its application for a business tax exemption was denied as to both town taxes and school taxes. No CPLR article 78 proceeding was ever commenced to challenge petitioner’s denial of the exemption.
The instant proceeding was commenced on August 23, 1982 and seeks review of petitioner’s 1982 tax assessment, asserting that it is entitled to a 40% exemption from its 1982 tax assessment pursuant to the decreasing exemption schedule afforded by the Real Property Tax Law. It asserts that the article 7 of the Real Property Tax Law proceeding is timely, having been commenced within 30 days of August 1, 1982 (Real Property Tax Law, § 702, subd 2). Petitioner is not challenging the 1980 or 1981 assessment, but asserts, rather, that it is entitled to the business investment exemption for the year 1982 and seven years thereafter.
The petition shall be dismissed as untimely. While the instant article 7 proceeding has been timely commenced, petitioner is not entitled to any relief with respect thereto unless the determination of May 16, 1980 is vacated. It is only that determination which gives rise to any cause of action which petitioner may possess with respect to the assessment of its property in the Town of Guilderland. Petitioner candidly admits that over two years have elapsed since its receipt of notice denying same. Thus, the four-month Statute of Limitations for commencement of an article 78 proceeding with respect thereto has long since expired. Even assuming, arguendo, that pursuant to the criteria set forth by the Court of Appeals in Newsday, Inc. v Town of Huntington (55 NY2d 272), facts could have been established to justify the granting of petitioner’s request *71 for an exemption, nevertheless, such litigation has been foreclosed by the running of the Statute of Limitations. Without such a determination, petitioner cannot now utilize the instant article 7 proceeding to bootstrap itself into a position where it may litigate that issue.
The petition for a review of the tax assessment on real property of petitioner situated in the Town of Guilderland, located on McKown Road, shall be dismissed.