# In the Matter of TWENTY FIRST POINT COMPANY, Appellant, v TOWN OF GUILDERLAND et al., Respondents.

Third Department, May 24, 1984

APPEARANCES OF COUNSEL

*Tobin & Dempf* (*David A. Ruffo* and *Charles J. Tobin, III,* of counsel), for appellant.

*Hinman, Straub, Pigors & Manning, P.C.* (*William F. Sheehan* of counsel), for Town of Guilderland and others, respondents.

*Tabner, Carlson & Farrell* (*C. Theodore Carlson* of counsel), for Board of Education of the Guilderland Central School District, respondent.

OPINION OF THE COURT

CASEY, J. P.

The dispositive issue on this appeal is whether, in a proceeding pursuant to article 7 of the Real Property Tax Law to challenge its assessment for 1982, petitioner can bring up for review an administrative determination made in 1980 concerning petitioner's entitlement to a 10-year business investment exemption beginning in 1980 (Real Property Tax Law, § 485-b), a determination which petitioner could have challenged in 1980 had it timely pursued

available administrative and judicial remedies. We conclude that review of the 1980 determination is barred and, therefore, affirm Special Term's dismissal of the petition (119 Misc 2d 69).

Petitioner commenced construction of a racquetball club in the Town of Guilderland, Albany County, in 1979 and, in early October of that year, applied to the Town Assessor's office for a business investment tax exemption under section 485-b of the Real Property Tax Law. That section provides that an owner of commercial, business or industrial property constructed after July 1, 1976 may apply to the appropriate local assessor and be granted a partial exemption from real estate taxes on the property, to continue for a 10-year period as a deduction from assessed value in annually decreasing percentages (Real Property Tax Law, § 485-b, subds 1-3). In another subdivision, however, municipalities and school districts are given the option by local legislation to reduce or eliminate application of the statute in their taxing districts, except for "exemptions existing prior in time to passage of any such local law or resolution" (Real Property Tax Law, § 485-b, subd 7).

Shortly after receipt of petitioner's formal application and before it was acted upon by the Town Assessor, the Guilderland Town Board enacted a local law opting to eliminate the exemption. In February, 1980, the Board of the Guilderland Central School District passed a resolution to the same effect. By letter dated May 16, 1980, the Town Assessor advised petitioner that a business tax exemption had been granted for the subject property, but further indicated that "[t]he exemption will apply only to County taxes as it is no longer granted by the Town or School District". Petitioner took no action on the partial denial of the exemption during the 1980 or 1981 taxable years. In 1982, however, it filed a tax grievance with respondent Board of Assessment Review, claiming its entitlement to a 40% exemption for that year. When the Board rejected its claim, petitioner initiated the instant tax review proceeding before Special Term pursuant to article 7 of the Real Property Tax Law. Special Term granted respondents' motion to dismiss the petition and this appeal ensued.

In this proceeding, petitioner is limited to challenging its 1982 assessment on grounds of excessiveness, inequality, unlawfulness or misclassification (Real Property Tax Law, § 706, subd 1). Petitioner claims that its 1982 assessment at 100% is excessive since it is entitled to a 40% partial exemption pursuant to section 485-b of the Real Property Tax Law. Viewed solely from the perspective of the 1982 tax year, respondents could not have granted petitioner a partial exemption since both the Town Board and School Board had opted more than two years previously to reduce the partial exemption to 0% (see Real Property Tax Law, § 485-b, subd 7). Nor could petitioner be granted a 40% exemption for 1982 since that is the exemption for the third year of a 10-year schedule (Real Property Tax Law, § 485-b, subd 2, par [a]) and petitioner received no partial exemption in either 1980 or 1981.

Petitioner, however, claims entitlement to the 40% exemption in 1982 on the theory that its application for a partial exemption pursuant to section 485-b, commencing in 1980, should have been granted and that, therefore, it should now be in the third year of the exemption. Hence, although petitioner's challenge herein purports to be limited to its 1982 assessment, the challenge is actually premised upon a claim that its 1980 assessment was excessive. It is clear that petitioner was aggrieved in 1980 when its property was assessed at 100%, with no partial exemption (see *Matter of Mack v Assessor of Town of Ramapo,* 72 AD2d 604), and it could then have pursued the remedies provided in article 7 (see Real Property Tax Law, § 704, subd 1). Since petitioner does not claim that the assessor lacked jurisdiction, and since petitioner failed to timely pursue the remedies available to it pursuant to article 7, collateral attack by other actions or proceedings should not be permitted (see *Buffalo Hebrew Christian Mission v City of Syracuse,* 33 AD2d 152, 156). Of course, any right petitioner might have had to CPLR article 78 review of the denial of its request for a partial exemption (see *Hewlett Assoc. v City of New York,* 57 NY2d 356) has expired, since more than four months have elapsed following the final determination (CPLR 217). It should also be noted that the statutory scheme of section 485-b contemplates a 10-year

exemption, beginning with a 50% partial exemption in the first year and decreasing 5% for each of the next nine years. Allowing taxpayers to make belated challenges to the denial of their requests for partial exemptions, and declaring them entitled to a partial exemption somewhere along the decreasing schedule, is contrary to the legislative scheme and poses a threat to the taxing jurisdiction's ability to predict its tax base and plan accordingly. For the reasons set forth above, Special Term's dismissal of the petition must be affirmed, without costs.

WEISS, J. (concurring). I fully concur with the majority's conclusion that petitioner's challenge to the 1982 assessment was properly dismissed by Special Term (119 Misc 2d 69) as untimely. I submit that dismissal was appropriate on the further ground that the town and school district had effectively opted out of the program by rescinding their participation in the exemption program (Real Property Tax Law, § 485-b, subd 7) before petitioner became eligible for an exemption. Neither the commencement of a project nor the filing of an application creates a vested right to an exemption. That right does not exist until all of the procedures for obtaining an exemption set forth in the statute have been completed (*Newsday, Inc. v Town of Huntington,* 55 NY2d 272, 276; *Matter of Fiato v Town of Guilderland,* 91 AD2d 799, affd 59 NY2d 902). The statute contemplates completion of the project (1976 Opns Atty Gen 247; 5 Opns of Counsel of St Bd of Equal & Assess No. 97, p 177), which had not occurred in this case before rescission by the town and school district.

LEVINE, J. (dissenting). In our view, the factual allegations contained in the petition prima facie establish that in obtaining necessary building permits, incurring substantial acquisition and construction costs and then completing and filing the requisite application with the Town Assessor, petitioner acquired a vested right to the business tax exemption before respondents enacted any legislation rescinding their participation therein pursuant to subdivision 7 of section 485-b of the Real Property Tax Law. The statute provides in mandatory language that if an applicant demonstrates eligibility, the local assessor "shall" grant the exemption for the *full 10-year period* (Real Prop-

erty Tax Law, § 485-b, subd 4). From the Town Assessor's letter of May 16, 1980, it is quite evident that petitioner had in fact established its eligibility for the benefits of section 485-b. Exemption was granted for purposes of county tax levies, and only denied as to town and school taxes because "it is no longer granted by the Town or School District". Since the formal requirements of the statute had been complied with and petitioner was otherwise eligible, the right to the exemption was already in "existence" before the repealing legislation and could not thereafter be withdrawn (Real Property Tax Law, § 485-b, subd 7). This was certainly implied in *Matter of Fiato v Town of Guilderland* (91 AD2d 799, affd 59 NY2d 902), wherein this court, in denying an exemption because application therefor had not been made before repealers were enacted, stated "under the terms of section 485-b of the Real Property Tax Law an exemption does not exist until all procedures for obtaining an exemption set forth in that statute have been completed" (*supra,* at p 800).

In view of petitioner's substantial investment in the property and its compliance with existing law on obtaining the exemption, it would be manifestly unfair to permit destruction of the statutory benefits in this case merely because the Town Assessor failed to act upon petitioner's application or construction had not been 100% completed before the town and the school district rescinded local entitlement to the exemption. Vested rights of investing property owners have been protected from subsequent local legislation in analogous circumstances (*Matter of Bayswater Health Related Facility v Karagheuzoff,* 37 NY2d 408, 416; *Town of Southampton v Todem Homes,* 50 AD2d 844, 845). Moreover, once petitioner initially acquired a vested right to the exemption, it was entitled to the appropriate percentage thereof for each of the next ensuing 10 years. Section 485-b provides for the 10-year exemption on a single application; there is no requirement that the property owner reapply annually.

If, as we have concluded, the petition sufficiently alleged that petitioner acquired a vested right to the exemption for the full 10-year period, it follows that it likewise sufficiently alleged petitioner's entitlement to a reduction in its

1982 assessment to reflect the appropriate amount of the exemption applicable for that year.

Despite petitioner's apparent entitlement to an exemption in 1982, the majority holds that it is precluded from seeking that relief because of the failure to make a timely challenge to the initial denial of the exemption in 1980. The majority views petitioner's claim for the 1982 exemption as being based on the wrongful denial of the 1980 exemption and from this concludes that the current challenge is an impermissible "collateral" attack on the adverse 1980 determination. This would only be so, however, if entitlement to exemption in 1982 were somehow dependent on its having been granted in 1980. The majority's reasoning totally fails to address the question of whether petitioner had acquired vested rights to the appropriate percentage exemption for each succeeding year of the statutory term of the exemption, in which case its right to an exemption in 1982 would not depend on having been granted the exemption in 1980. The majority's rationale also overlooks a cardinal principle of assessment review, namely, that each annual assessment constitutes a new proceeding in which any prior assessment determination is not binding upon the parties. As stated in *People ex rel. Hilton v Fahrenkopf* (279 NY 49, 52-53): "It is of the essence of an assessment that it fixes value as of a certain time. Each annual proceeding is separate and distinct from every other. Year by year an assessor must use his own judgment and must verify the roll * * *. From these considerations it results that a prior judicial determination of value does not legally bind successor assessors."

The 1980 and 1981 assessments of the subject property do not have any *res judicata* effect in this proceeding to review petitioner's 1982 assessment (*Matter of Group Health v Tax Comm.,* 93 AD2d 730, 731; *Town of Harrison v County of Westchester,* 34 Misc 2d 1020, 1030-1031, affd 18 AD2d 1136, affd 13 NY2d 258). Since the 1980 denial of the exemption was never actually litigated, obviously that ruling has no collateral estoppel effect (*Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 21). Petitioner's payment of its 1980 and 1981 property taxes without challenging denial of its right to a partial exemption for those years

simply does not estop it from instituting the instant challenge to its 1982 assessment (see *Matter of St. Luke's Hosp. v Boyland,* 12 NY2d 135, 145). Petitioner is not herein attempting to recoup any overpayments of its 1980 and 1981 taxes, it is availing itself of its statutory right to directly attack its 1982 assessment. Since petitioner is afforded that remedy for review of the assessor's determination under article 7 of the Real Property Tax Law, the absence of any challenge to the initial denial of the exemption in 1980 does not constitute a bar under the doctrine of failure to exhaust administrative remedies (see *Matter of Smith v Hoyt,* 59 AD2d 1058, 1059).

On the basis of the foregoing, Special Term's dismissal of the petition (119 Misc 2d 69) should be reversed.

YESAWICH, JR., J., concurs with CASEY, J. P.; WEISS, J., concurs in a separate opinion; MIKOLL and LEVINE, JJ., dissent and vote to reverse in an opinion by LEVINE, J.