■ SIMON-EQUITY JEFFERSON VALLEY PARTNERSHIP, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF YORKTOWN et al., Respondents, and COUNTY OF WESTCHESTER, Intervenor-Respondent.—In a proceeding pursuant to Real Property Tax Law article 7 challenging the denial of an exemption from certain real property taxes pursuant to Real Property Tax Law § 485-b, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Sullivan, J.), entered April 24, 1985, which denied its motion for summary judgment and, upon searching the record, awarded summary judgment to the respondents and the intervenor-respondent, dismissing the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the motion for summary judgment is granted in favor of the petitioner on its petition, and the matter is remitted to the Supreme Court, Westchester County, for an assessment of any overpayments in taxes and the entry of an appropriate judgment.

This case presents for resolution an issue concerning an application of the business investment exemption from real

property taxes (Real Property Tax Law § 485-b). This provision grants a partial, declining 10-year exemption from the increase in assessed valuation of a parcel of real property due to construction, alteration, installation or improvement for industrial, business or commercial purposes (Real Property Tax Law § 485-b [1], [2]; *Newsday, Inc. v Town of Huntington,* 82 AD2d 245, 246, *affd* 55 NY2d 272). The law was initially made applicable to the entire State (except New York City), but local taxing authorities were given the option to reduce or eliminate the exemption (Real Property Tax Law § 485-b [7]).

It was soon realized that this option afforded localities too much latitude, as it allowed a locality to repeal an existing exemption. This led to the possibility that a business might make its investment and expansion and receive an exemption, only to lose it after it had committed itself *(see, Newsday, Inc. v Town of Huntington, supra,* at 247). The Legislature then enacted an amendment to Real Property Tax Law § 485-b (7) which provided that "exemptions existing prior in time to passage of any such local law or resolution shall not be subject to any such reduction" (L 1977, ch 397, § 1). It is the precise scope of what is "existing prior in time" that is the subject of this appeal. (This provision was amended again in 1985 to provide that projects in the course of construction prior to the local change also may not be subject to any reduction [L 1985, ch 512, § 1]. The events herein occurred prior to this amendment and the previous language is applicable here.)

The instant case involves an application for an exemption with respect to the anticipated increase in assessed valuation that was to take effect in the 1984-1985 tax year due to additional construction by the petitioner as it neared completion of a project to build a regional shopping center. On February 15, 1984, the petitioner filed the completed application with the Assessor of the Town of Yorktown. The town administers the assessments for Westchester County, local school districts, and itself. On February 17, 1984, however, a local law adopted by Westchester County went into effect rescinding the county's participation in the exemption program except as to "exemptions * * * existing prior in time to the effective date" (Local Laws, 1983, No. 19 of County of Westchester). The denial by the Assessor of the Town of Yorktown of the petitioner's application as to county taxes, based on this local law, led to this proceeding.

Several decisions have already held that the owner must have at least "completed the procedures set forth elsewhere in section 485-b for obtaining an exemption" *(Newsday, Inc. v*

*Town of Huntington,* 55 NY2d 272, 276, *supra; Matter of Fiato v Town of Guilderland,* 91 AD2d 799, *affd* 59 NY2d 902). This means the owner must have filed the proper completed application (Real Property Tax Law § 485-b [3]) and that the project must have been commenced subsequent to January 1, 1976, and involve a cost of at least $10,000 (Real Property Tax Law § 485-b [2] [b]). It is not disputed that the petitioner in the instant case had satisfied all those requirements prior to February 17, 1984, when the local law took effect.

The aforementioned cases hold that completion of these procedures is a necessary precondition to the existence of an exemption; they do not determine if the completion of these procedures is sufficient to give rise to an exemption. The respondents argued that the assessor must also have approved the application before the exemption can be said to exist. In addition, they argued that exemptions do not "exist" until implemented on the "taxable status date" when the new tax year begins *(see,* Real Property Tax Law § 302). In other words, they argued that the exemptions could be considered as existing prior to the effective date of the local law only if they were in effect at the beginning of the tax year when the local law took effect.

In construing this statutory provision for an investment exemption, this State's courts have stressed the purpose of the law which is to provide "an incentive to stimulate business enterprises to invest their funds * * * within the State and to thereby create new labor markets and improve its economy" *(Newsday, Inc. v Town of Huntington,* 82 AD2d 245, 246, *affd* 55 NY2d 272, *supra).* To allow localities to withdraw exemptions as to projects in which substantial construction has occurred and which have met all requirements for the exemption, would undercut this purpose and thwart the investors' reasonable expectations *(Newsday, Inc. v Town of Huntington,* 82 AD2d 245, 250-252, *supra).*

The respondents based their argument that the assessor must also approve the application before the exemption "exists" on language in Real Property Tax Law § 485-b (4). This provides that the assessor shall approve the application if "satisfied that the applicant is entitled to an exemption * * * and such real property shall thereafter be exempt from taxation". However, the act of approval has only marginal significance. The requirements that must be reviewed are obvious ones (project commenced after January 1, 1976, cost of at least $10,000) and are almost never subject to dispute. The *amount* of the exemption is derived automatically from the amount of

the increase in valuation. Therefore, once the application is filed, it can be determined with some certainty whether it is a valid application that should be granted. In practice, approval by the assessor only results in the implementation of a valid exemption at the beginning of the following tax year.

To hold that an exemption does not exist until this approval is granted, even though all requirements have been met prior to the effective date of a local law eliminating the exemption, would satisfy a literal reading of the statute. However, this interpretation would tend to defeat the law's settled purpose, and therefore should be avoided *(see, Matter of Association of Bar v Lewisohn,* 34 NY2d 143, 153; *Newsday, Inc. v Town of Huntington,* 82 AD2d 245, 250, *supra).*

In contrast, deeming that an exemption exists once the owner has satisfied all the statutory requirements, including submitting a completed application, would further the statutory purpose, would give a definition that can be predictably applied, and is consistent with existing case law. We, therefore, hold that the exemption in this case existed prior to the effective date of the local law, and that the petitioner is entitled to the exemption. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.