■ PETER J. FUSCO, Doing Business as AMERICAN DATA MARKETING, Appellant, v BLUE SHIELD OF NORTHEASTERN NEW YORK, INC., Respondent.—Kane, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered February 20, 1987 in Albany County, which, inter alia, granted defendant's motion to dismiss the complaint as barred by res judicata.

In a prior action, plaintiff sought damages from defendant for breach of contract arising out of management consulting services provided to defendant by plaintiff. The complaint contained three separate causes of action, one for the actual breach and others for compensatory and punitive damages flowing therefrom. Defendant timely moved to dismiss the complaint pursuant to CPLR 3211 (a) (3), (5), (7) and (8) for lack of personal jurisdiction, lack of capacity to sue, payment, Statute of Frauds, and the failure to state a cause of action as to the second and third causes of action in the complaint. The notice of motion contained the further notice that pursuant to

CPLR 2214 (b), answering affidavits were required to be served seven days prior to the return day of the motion. Concededly, the answering affidavits were not timely served and were returned by defendant's attorneys upon being hand delivered three days prior to the return day. Supreme Court granted defendant's motion in all respects and dismissed the complaint with prejudice; the court found no timely opposition to the motion and insufficient excuse for the late service of answering affidavits, citing *Dominski v Firestone Tire & Rubber Co.* (92 AD2d 704). Judgment was entered accordingly. There was no appeal by plaintiff or application to vacate the default. The within action was thereafter commenced by plaintiff for breach of contract and damage to his reputation resulting from defendant's breach thereof. Defendant thereupon again moved to dismiss the complaint pursuant to CPLR 3211 (a) (3), (5) and (7), which included the ground that the doctrine of res judicata barred the second action since it was based upon the same breach of contract cause of action as the prior action, which because of plaintiff's default, resulted in a determination that the Statute of Frauds was a bar to any action on the alleged contract.

We affirm. The prior action was properly dismissed *(see, Dominski v Firestone Tire & Rubber Co., supra)* and the dismissal with prejudice, as a result of the default, was a determination on the merits as to the issues raised therein *(see, Smith v Russell Sage Coll.,* 54 NY2d 185, 194; *Firedoor Corp. v Merlin Indus.,* 86 AD2d 577; *see also,* Siegel, NY Prac § 276, at 332).

Order affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.