In the Matter of SITTERLY ROAD ASSOCIATES, Appellant, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF CLIFTON PARK et al., Respondents.

Third Department, December 1, 1988

**APPEARANCES OF COUNSEL**

*Ganz & Wolkenbreit (Robert E. Ganz* of counsel), for appellant.

*Kevin A. Luibrand* for respondents.

## OPINION OF THE COURT

MERCURE, J.

On March 14, 1986, two weeks after the taxable status date for 1986, Robert Phillips filed an application for a real property tax exemption with the Town Assessor for the Town of Clifton Park, Saratoga County. The exemption was requested pursuant to RPTL 485-b, allowing a partial, declining 10-year exemption from the increase in assessed valuation of a parcel of real property due to construction, alteration, installation or improvement for industrial, business or commercial purposes (RPTL 485-b [1], [2]). The subject improvement, an office building, was constructed between May and December 1985. Phillips attached a handwritten note to the application, addressed to the Town Assessor, stating "[i]t would be greatly appreciated if this application can be submitted for 1986".

Phillips and his wife sold the property to petitioner in September 1986. By December 1986, the last month to apply for the RPTL 485-b exemption for the subject property, Phillips' application had not been acted upon. Petitioner never filed its own application for the exemption. On May 1, 1987 the Town Assessor sent a letter to Phillips notifying him that the exemption was no longer available.*

After first seeking unsuccessful administrative review, based upon denial of the exemption and other grounds, petitioner commenced this RPTL article 7 proceeding and moved for partial summary judgment, alleging entitlement to the RPTL 485-b exemption. Respondents cross-moved for dismissal of the second cause of action. Supreme Court denied the motion and granted the cross motion, finding that the application was untimely for the 1986 tax year and that petitioner should have filed its own application for the exemption prior to December 1986. This appeal by petitioner ensued.

We note at the outset that further statutory prerequisites for the exemption are that (1) the construction was commenced after January 1, 1976, (2) the cost of the improvement exceeds $10,000, and (3) the construction is completed, as evidenced by a certificate of occupancy or other appropriate documentation (RPTL 485-b [2] [b] [1], [2], [3]). The application

---

* The Shenendehowa Central School District and County of Saratoga had opted out of the exemption provisions of RPTL 485-b on February 27, 1986 and May 20, 1986, respectively. The Town of Clifton Park had invoked its right to opt out of the RPTL 485-b program by Local Laws, 1977, No. 5 of the Town of Clifton Park.

must be filed before the appropriate taxable status date of the municipality and within one year from the date of completion of the project (RPTL 485-b [3]). The law was initially made applicable to the entire State (except New York City), but local taxing authorities were given the option to reduce or eliminate the exemption, by appropriate local law or resolution (RPTL 485-b [7]; *see, Simon-Equity Jefferson Val. Partnership v Board of Assessors,* 127 AD2d 584, 585). The problem soon arose of whether a taxing authority could, by opting out, repeal an existing exemption, prompting a 1977 amendment to RPTL 485-b (7), which provided that "exemptions existing prior in time to passage of any such local law or resolution shall not be subject to any such reduction" (L 1977, ch 397, § 1). This amendment engendered further litigation, seeking an interpretation of the language "exemptions existing prior in time", with the resolution that in order to be entitled to the exemption the owner must at the very least have filed the application and fulfilled the further requirements of RPTL 485-b (2) (b) prior to the taxing authority's opting out *(see, Matter of Fiato v Town of Guilderland,* 91 AD2d 799, *affd* 59 NY2d 902; *Newsday, Inc. v Town of Huntington,* 82 AD2d 245, 250-252, *affd* 55 NY2d 272).

The 1977 amendment did not, however, address the concerns of landowners and developers who, relying on the law, obtained a building permit and incurred considerable expense in improving realty, yet incomplete at the time of the taxing authority's opting out *(see, Matter of Twenty First Point Co. v Town of Guilderland,* 101 AD2d 407, 410-411 [dissenting opn], *affd* 64 NY2d 954). In order to clearly allow the "eligibility of a project in the course of construction notwithstanding the adoption of a local law or resolution eliminating the exemption" (mem of State Bd of Equalization and Assessment, Nov. 1, 1984, Governor's Bill Jacket, L 1985, ch 512; *see,* mem of New York State Dept of Commerce, July 16, 1985, Governor's Bill Jacket, L 1985, ch 512), RPTL 485-b (7) was again amended, effective July 24, 1985, to read in relevant part: "A [taxing authority] may * * * reduce the per centum of exemption otherwise allowed pursuant to this section; provided, however, that *a project in course of construction* and exemptions existing prior in time to passage of any such local law or resolution shall not be subject to any such reduction so effected" (L 1985, ch 512, § 1 [emphasis supplied]).

We conclude, in light of the foregoing legislative history, that, although Phillips' application for exemption could not be considered for 1986, it was effective for the tax year commencing March 1, 1987. We observe that all of the statutory prerequisites for the exemption were satisfied at the time of application on March 14, 1986. The only issues to be considered, then, are the effect of the note which Phillips attached to the application, the conveyance of the property to petitioner and the taxing authorities' opting out in 1986.

Notably, the application does not specify the initial year for which the exemption is sought, and we do not interpret Phillips' note as indicating that if the exemption could not be granted for 1986 he desired not to avail himself of its benefit in subsequent years. Logic compels a contrary interpretation. Further, RPTL 485-b provides for the 10-year exemption on a single application; there is no requirement that the property owner reapply annually (see, RPTL 485-b [3]; *Matter of Twenty First Point Co. v Town of Guilderland, supra,* at 411 [dissenting opn]). That the Town Assessor believed the application was for the 1987 tax year is demonstrated by both the inordinate amount of time she took to act on it and her direction to Phillips to seek administrative review on grievance day during May 1987. Respondents' reliance upon *Matter of Twenty First Point Co. v Town of Guilderland (supra)* is misplaced, as the issue there centered upon the timeliness of challenge following denial of the exemption.

Nor did the transfer of title to petitioner affect the property's status for RPTL 485-b purposes since it continued to be utilized for eligible purposes (see, RPTL 485-b [6]; cf., *Matter of St. Onge v Donovan,* 71 NY2d 507, 517; 6 Opns Counsel SBEA No. 27). The exemption relates to the use of the land and does not attach to the owner. Last, the 1985 amendment to RPTL 485-b, effective prior to the project's completion, resolves any question as to the effect of the taxing authorities' opting out. We conclude therefore that because construction had commenced during May 1985, the opting out by the local authorities during February and May 1986 had no effect upon petitioner's entitlement to the exemption.

In the absence of disputed factual issues, petitioner is entitled to the exemption as a matter of law. For the reasons set forth above, Supreme Court should have granted the motion and denied the cross motion.

KANE, J. P., WEISS, MIKOLL and HARVEY, JJ., concur.

Order reversed, on the law, with costs, motion for partial summary judgment granted, cross motion to dismiss denied and matter remitted to the Supreme Court for an assessment of any overpayment in taxes and the entry of an appropriate judgment.