■ ROSEMARIE A. CORBETT, Respondent, v WALTER ZEDAYKO, Appellant.—Weiss, J. Appeals (1) from an order of the Supreme Court (Brown, J.), entered March 11, 1988 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered April 27, 1988 in Saratoga County, which denied defendant's motion for renewal.

Plaintiff commenced this action seeking damages for personal injuries sustained in a May 24, 1983 motor vehicle accident. Following joinder of issue and plaintiff's failure to comply with a bill of particulars demand, a 45-day conditional order of preclusion was entered October 1, 1986 on consent. By notice of motion returnable October 5, 1987, defendant moved for summary judgment dismissing the complaint due to

plaintiff's failure to comply with the preclusion order.* The notice of motion specifically required any answering affidavits be served seven days prior to the return date *(see,* CPLR 2214 [b]). In opposition, plaintiff submitted the affidavit of her attorney, dated October 2, 1987, explaining that defense counsel had agreed to an unspecified extension of time in which to interpose a bill of particulars. Counsel further represented that a completed bill of particulars had since been forwarded to defendant. Supreme Court accepted plaintiff's explanation and denied the motion. Thereafter, defendant moved to renew his motion on the premise that plaintiff failed to timely submit an implementing order *(see,* 22 NYCRR 202.48). This application was similarly denied and defendant has appealed both determinations.

We affirm. Initially, defendant urges that Supreme Court erred in considering plaintiff's untimely opposing papers *(see,* CPLR 2214 [c]). While the opposing affidavit was untimely, counsel explained that he attempted to first telephone defense counsel in an effort to clarify the extension discrepancy. Given this explanation, Supreme Court did not abuse its discretion in overlooking the delay *(see,* CPLR 2214 [c]; *cf., Fusco v Blue Shield,* 136 AD2d 813, 814). Moreover, Supreme Court could readily accredit plaintiff's assertion that an extension had, in fact, been granted. Under this circumstance and the fact that a bill of particulars has been served, we perceive no impropriety in the denial of defendant's motion notwithstanding the rather lengthy delay involved. Finally, Supreme Court properly rejected defendant's abandonment argument *(see, Matter of Piper [Katz—Lawless],* 145 AD2d 97, 102; *Matter of Germain,* 138 AD2d 918, *lv dismissed* 72 NY2d 952; *cf., Hickson v Gardner,* 134 AD2d 930).

Orders affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur. *[See,* 139 Misc 2d 184.]

---

* While defendant complains in his brief that plaintiff failed to comply with certain discovery demands incorporated in the preclusion order, the summary judgment motion was simply premised on plaintiff's failure to serve a timely bill of particulars.