■ In the Matter of AMBALD REALTY, INC., Respondent, v BOARD OF ASSESSORS et al., Appellants. [638 NYS2d 97] —In a proceeding pursuant to RPTL article 7 seeking retroactive application of an exemption under RPTL 485-b to the 1988/1989 tax year, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered August 15, 1994, which granted the petitioner's motion for partial summary judgment.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and, upon searching the record, summary judgment is granted to the appellants, and the proceeding is dismissed.

In the instant case, the petitioner commenced construction in 1990 of a one-story building containing spaces for four retail stores. On March 14, 1991, the petitioner was issued a certificate of occupancy for the building by the Village of Lynbrook Building Department. At the time, the building was vacant and the interior alterations necessary for specific tenants had not yet been commenced. The first tenant moved in sometime around December 1991, but as late as April 1994, the building still had vacancies. In any event, the petitioner filed for a Real Property Tax exemption pursuant to RPTL 485-b in April 1993. The appellants granted the exemption but only with respect to improvements made subsequent to April 1992, one year prior to the date of the application, on the basis that the application was untimely with respect to earlier construction since it was not made within one year of the completion of the building in March 1991, as required by RPTL 485-b (3). The petitioner commenced the instant proceeding seeking to have the exemption applied to the entire value of the building, arguing, in essence, that because of the vacancies in the building, it should be deemed completed only at the time of the application. The Supreme Court agreed and granted the petitioner's motion for summary judgment.

In general terms, RPTL 485-b provides for an exemption from taxation for construction, alterations, installations, or improvements undertaken for the purpose of commercial, business, or industrial activity. Pursuant to RPTL 485-b (2) (b) (3), the exemption is applicable only to "completed" construction,

alterations, installations, or improvements; and, pursuant to subdivision (3), any application for the exemption must be made within one year from the date of "completion" of such construction, alterations, installments, or improvements.

The question of when a building is "completed" for purposes of being eligible for the exemption provided by RPTL 485-b has not been the subject of extensive discussion by the courts. However, in *Matter of 10-20 Glenwood Assocs. v Assessor of City of Binghamton* (142 Misc 2d 636, 640), the Supreme Court, Broome County, provided a reasonable standard to be applied: " 'completed' must mean that the structure in question is finished to the extent that it is available for occupancy and meets the specifications contained in the site plans. In the case of buildings designed to be rented out to a variety of tenants, such as the mall in this action, alterations to accommodate specific tenants need not be completed before the property is eligible for the exemption".

It is clear that under the above formulation, the petitioner's building in this case was completed in March 1991, when the initial certificate of occupancy was issued. That certificate of occupancy constituted evidence that "the structure in question [was] finished to the extent that it [was] available for occupancy and [met] the specifications contained in the site plans".

Since the petitioner's building was completed for purposes of the statute in March 1991, the petitioner was required to apply for the exemption no later than March 1992 (*see,* RPTL 485-b [3]). Thus, its application made in April 1993, was untimely with respect to claiming an exemption for construction completed before March 1992. Accordingly, the appellants' determination was correct. We, therefore, search the record (*see,* CPLR 3212 [b]) and grant summary judgment to the appellants, dismissing the proceeding. Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.