■ In the Matter of BRAUNVIEW ASSOCIATES, Respondent, v DAVID M. UNMACK, as Assessor of Town of Tonawanda, Appellant. [643 NYS2d 253] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of respondent, Assessor of the Town of Tonawanda, to dismiss the petition and granted the relief sought therein, directing respondent to accept petitioner's application for a partial tax exemption pursuant to RPTL 485-b and to make a determination thereon. The relief sought by petitioner is not barred by res judicata. The doctrine of res judicata "is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again" (*Matter of Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485; *see, Watts v Swiss Bank Corp.*, 27 NY2d 270, 277). Here, respondent denied petitioner's first application in a letter to petitioner, and petitioner sought judicial review of that denial by commencing a CPLR article 78 proceeding. Although that petition was dismissed, the dismissal was not on the merits. Therefore, the present CPLR article 78 proceeding, commenced to challenge respondent's rejection of petitioner's second application, is not barred (*see, Miller Mfg. Co. v Zeiler*, 45 NY2d 956, 958).

The contention of respondent that RPTL 485-b restricts a taxpayer to a single application is without merit. RPTL 485-b (1) gives a taxpayer a partial, declining 10-year exemption from an increase in the assessed valuation of real property that is "constructed, altered, installed or improved * * * for

the purpose of commercial, business or industrial activity." There is nothing in the language of RPTL 485-b that prohibits a taxpayer from filing a second application. Further, such a prohibition may not be inferred where, as here, the dismissal of the first application was not on the merits (cf., *Schulman Master Ltd. Partnership I v Town/ Village of Harrison,* 162 AD2d 674, 674-675).

We reject the further contention of respondent that petitioner's second application was untimely. Contrary to respondent's contention, the requirement in RPTL 485-b (3) that the application be filed "before the appropriate taxable status date" does not establish a limitations period. It merely determines the initial year for which the taxpayer is eligible for the exemption (*see, Matter of Sitterly Rd. Assocs. v Board of Assessment Review,* 142 AD2d 243, 246). Further, the issuance of a temporary certificate of occupancy to petitioner did not establish "the date of completion" of construction within the meaning of RPTL 485-b (3). To be "complete", a structure must be finished not only to the extent that it may be occupied but also that it meets the specifications in the site plans submitted to the municipality (*see, Matter of Ambald Realty v Board of Assessors,* 224 AD2d 412). The issuance of a temporary certificate of occupancy on November 9, 1993 indicates that, as of that date, construction was not yet completed. This is further borne out by the Town of Tonawanda's zoning law, which provides that, "[u]pon request, the Supervising Building Inspector may issue a temporary certificate of occupancy for a building, structure or premises, or part thereof, before the entire work covered by the building permit shall have been completed" (Tonawanda Town Code § 215-125 [B]). The "date of completion" for purposes of RPTL 485-b (3) is December 21, 1993, when the permanent certificate of occupancy was issued. Thus, petitioner's second application, filed on November 21, 1994, was timely.

Finally, we reject the contention of respondent that the court abused its discretion in considering petitioner's submissions in opposition to the motion to dismiss. Although they were served after expiration of the deadline to which the parties had agreed, they were served within the time originally demanded in respondent's notice of motion and respondent was not prejudiced by the delay (*see, Corbett v Zedayko,* 151 AD2d 941; *see also, Hubbell Elec. v State of New York,* 153 Misc 2d 810, 813-814). (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—CPLR art 78.) Present—Denman, P. J., Pine, Fallon, Balio and Boehm, JJ.