■ DIANA M. SCRITCHFIELD, as Adminstratrix of the Estate of MITCHELL N. SCRITCHFIELD, Also Known as MITCHELL SCRITCHFIELD, Deceased, Respondent, v ARLETTE PERRY et al., Doing Business as WOODLAWN HOTEL, Appellants, et al., Defendant. (Appeal No. 1.) [667 NYS2d 584] —Order unanimously affirmed with costs. Memorandum: Arlette Perry, doing business as Woodlawn Hotel, and J.A.C.E.P., Ltd., doing business as Woodlawn Hotel (defendants), moved for summary judgment dismissing the complaint. Plaintiff defaulted in responding, and Supreme Court granted the motion. Before an order was signed or entered, plaintiff moved for additional time to respond to the motion and "to vacate any default on the part of [plaintiff] * * * thereto". Defendants cross-moved to vacate plaintiff's note of issue and for further discovery in the event that plaintiff's motion was granted. The court granted plaintiff's motion and adjourned oral argument on defendants' cross motion.

A court has the inherent power, *sua sponte* or on motion of a party, to reconsider and vacate its prior decision before issuing an order thereon (*see, American Re-Ins. Co. v SGB Universal Bldrs. Supply,* 160 AD2d 586; *Vinciguerra v Jameson,* 153 AD2d 452, 454; *Levinger v General Motors Corp.,* 122 AD2d 419, 420). In light of the facts that plaintiff made the motion to vacate only four days after the motion for summary judgment was granted, that plaintiff's default in responding to the motion was the result of law office failure caused by the recurring illness of plaintiff's counsel and that defendants were not prejudiced by the vacatur, the court did not abuse its discretion in granting plaintiff additional time to respond to the motion for summary judgment (*see,* CPLR 2004; *see also, Corbett v Zedayko,* 151 AD2d 941). (Appeal from Order of Supreme

Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.