Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.

■ DIANA M. SCRITCHFIELD, as Administratrix of the Estate of MITCHELL N. SCRITCHFIELD, Also Known as MITCHELL SCRITCHFIELD, Deceased, Respondent, v ARLETTE PERRY et al., Doing Business as WOODLAWN HOTEL, Appellants, et al., Defendant. (Appeal No. 2.) [666 NYS2d 867] —Order unanimously affirmed with costs. Same Memorandum as in *Scritchfield v Perry* (245 AD2d 1054 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Vacate Default Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.

■ ROBERT MACK et al., Respondents, v FORD MOTOR COMPANY, Appellant. (Appeal No. 1.) [666 NYS2d 864] —Appeal unanimously dismissed without costs (*see, Matter of Kolasz v Levitt,* 63 AD2d 777, 779). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.

■ ROBERT MACK et al., Respondents, v FORD MOTOR COMPANY, Appellant. (Appeal No. 2.) [667 NYS2d 585] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action. Robert Mack (plaintiff) fell while walking on a three-tiered scaffold. The level on which plaintiff was walking had no guardrail. Although plaintiff did not use the safety equipment available at the worksite, defendant presented no evidence that plaintiff "refused" to use the safety equipment and thus was a recalcitrant worker (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562-563; *Hagins v State of New York,* 81 NY2d 921, 922-923; *Stolt v General Foods Corp.,* 81 NY2d 918, 920).

We reject defendant's argument that plaintiff's execution of a waiver absolved defendant of liability. That waiver is contrary to public policy because it effectively eliminates the purpose of Labor Law § 240 (1), i.e., "to protect workers and to impose the responsibility for safety practices on [owners and contractors, who are] best situated to bear that responsibility" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500; *see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.

■ AARON CIRASUOLO, Respondent, v HAGGAS REALTY CORP. et al., Appellants, and OTIS ELEVATOR COMPANY, Respondent.