■ In the Matter of A.P. WIDE WORLD REALTY, Appellant, v TOWN OF CLARKSTOWN et al., Respondents. [678 NYS2d 342] —In a proceeding pursuant to Real Property Tax Law article 7, the petitioner appeals from an order and interlocutory judgment (one paper) of the Supreme Court, Rockland County (Palella, J.), entered December 17, 1997, which denied its motion for partial summary judgment on the cause of action to review the denial of a business improvement exemption under RPTL 485-b, granted partial summary judgment to the respondents on that issue, and severed that claim.

Ordered that the order and interlocutory judgment is affirmed, with costs.

In general terms, RPTL 485-b provides for an exemption from taxation for construction, alterations, installations, or improvements undertaken for the purpose of commercial, business, or industrial activity. Pursuant to RPTL 485-b (2) (b) and (3), the exemption is applicable only to "completed" construction, alterations, installations, or improvements, and, pursuant to RPTL 485-b (3), any application for the exemption must be made within one year from the date of "completion" of such construction, alterations, installments, or improvements.

It is undisputed that the petitioner's improvements to its commercial property were completed as of May 3, 1991, when the certificate of occupancy was issued. It is also undisputed that the petitioner did not file an application for the business investment exemption until February 1997. Since the petitioner failed to file the application "within one year from the date of completion of such * * * improvement" (RPTL 485-b [3]) as required by the statute, the respondents properly denied the application as untimely (see, Matter of Ambald Realty S. v Board of Assessors, 224 AD2d 412; see also, Matter of Braunview Assocs. v Unmack, 227 AD2d 937; Matter of Sitterly Rd. Assocs. v Town of Clifton Park, 142 AD2d 243). Mangano, P. J., Sullivan, Florio and McGinity, JJ., concur.