■ SCHULMAN MASTER LIMITED PARTNERSHIP I et al., Appellants, v TOWN/VILLAGE OF HARRISON et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiffs and others similarly situated are entitled to an exemption from real property taxes pursuant to RPTL 485-b, and to direct the Town/Village of Harrison to correct its final tax assessment rolls to reflect the exemption, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered August 23, 1988, which dismissed the complaint. The plaintiffs' notice of appeal from the order dated July 14, 1988, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

In 1984, the plaintiffs' predecessors commenced an action against the municipal defendants, the County of Westchester and the Town of Harrison, for a judgment (1) declaring that they and others similarly situated were entitled to an exemption from Westchester County real property taxes pursuant to RPTL 485-b, (2) directing the defendant Town/Village of Harrison to correct its final assessment rolls to reflect the exemption and to refund any and all excess payments made, and (3) for judgment in their favor in the amount of Westchester County real property taxes received by the defendants in excess of what the payments would have been based upon the appropriate exemption.

The prior action was consolidated with three other actions against other Westchester County municipalities. By order and judgment (one paper), dated May 13, 1985, the Supreme Court, Westchester County (Marbach, J.), granted motions by the defendant municipalities for summary judgment dismissing the complaints. All parties adversely affected by that order and judgment, except the plaintiffs' predecessors, appealed. This court reversed and held that the appellants were entitled to the exemption pursuant to RPTL 485-b *(see, Martin*

*Co. v Town of Greenburgh,* 127 AD2d 577). The matter was remitted to the Supreme Court for an assessment of any overpayment of taxes and for the entry of an appropriate judgment.

The instant action was commenced by the plaintiffs in October 1987 seeking the same relief sought by the plaintiffs' predecessors in the 1984 action, based upon a statutory amendment of RPTL 485-b and subsequent case law. The defendants, the County of Westchester and the Town/Village of Harrison, separately moved for summary judgment dismissing the complaint. The court granted the defendants' motions and dismissed the complaint upon the ground that the action was barred by res judicata. We agree and affirm.

RPTL 485-b grants a partial declining 10-year exemption from the increase in assessed valuation of a parcel of real property due to construction, alteration, installation or improvement for industrial, business or commercial purposes *(see,* RPTL 485-b [1], [2]). Local taxing authorities have the option to reduce or eliminate the exemption *(see,* RPTL 485-b [7]). However, the Legislature enacted an amendment in 1977 which provided that "exemptions existing prior in time to passage of any such local law or resolution shall not be subject to any such reduction" (L 1977, ch 397, § 1). The provision was amended again in 1985 to provide that projects in the course of construction prior to the local change would also not be subject to any exemption reduction (L 1985, ch 512, § 1).

In the prior action, the plaintiffs' predecessors clearly satisfied all the statutory requirements for obtaining the exemption, including having submitted a completed application *(see,* RPTL 485-b [2], [3]). Based upon this court's reversal of the prior order and judgment, had the plaintiffs' predecessors appealed therefrom, they would have received their requested relief. In the instant action, the plaintiffs claim that they are entitled to such relief. We disagree.

The plaintiffs' contention that the doctrine of res judicata is inapplicable because there is not an identity of issues between the prior action and the present action, insofar as they involve tax assessments in two separate years, is without merit. RPTL 485-b provides for a single 10-year exemption on a single application. There is only one tax exemption which is applied over a 10-year period *(see, Matter of Sitterly Rd. Assocs. v Board of Assessment Review,* 142 AD2d 243; *see also, Matter of Twenty First Point Co. v Town of Guilderland,* 101 AD2d 407, *affd* 64 NY2d 954).

Res judicata applies since the plaintiffs' predecessors had a full and fair opportunity to litigate their claim and to appeal from the prior unfavorable order and judgment. The plaintiffs in the instant case cannot benefit from the favorable decision in *Martin Co. v Town of Greenburgh (supra),* since they are the successors in interest of a nonappealing party *(see, Hecht v City of New York,* 60 NY2d 57).

We have considered the plaintiffs' remaining contention and find it to be without merit *(see, Simon-Equity Jefferson Val. Partnership v Board of Assessors,* 127 AD2d 584; *Matter of Hodes v Axelrod,* 70 NY2d 364). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.