■ In the Matter of PHYLLIS SCELLEN, Appellant, v ASSESSOR FOR THE CITY OF GLENS FALLS et al., Respondents. [753 NYS2d

536] —Mercure, J. Appeal from an order of the Supreme Court (Aulisi, Jr., J.), entered January 24, 2002 in Warren County, which, in a proceeding pursuant to RPTL article 7, denied petitioner's motion to revise the 1999, 2000 and 2001 tax assessment rolls to reflect a reduction in the 1998 tax assessments of certain real property owned by petitioner.

Petitioner timely commenced an RPTL article 7 proceeding to challenge the 1998 assessed values of 28 parcels owned by her in the City of Glens Falls, Warren County. In December 2000, petitioner and respondents reached a settlement agreement reducing the 1998 assessed valuations of petitioner's properties from $3,687,100 to $2,270,000. However, the parties failed to reach agreement as to whether RPTL 727 required a reduction in petitioner's 1999, 2000 and 2001 assessments to reflect the stipulated 1998 valuations. Supreme Court approved the stipulation of settlement and ordered reduction of the 1998 assessments, but expressly declined to reach the question of the applicability of RPTL 727. Petitioner subsequently moved for an order directing that the 1999, 2000 and 2001 assessments of her properties be adjusted to reflect the reduced 1998 valuations. Supreme Court denied the motion after determining that petitioner had acquiesced to the 1999 and 2000 tax assessments by failing to commence challenges to those assessments. Petitioner appeals.

The issue on this appeal is whether petitioner was required to commence tax certiorari proceedings while her 1998 challenge was pending in order for the December 2000 reduction of her 1998 assessments to be binding for the intervening tax years. Petitioner contends that she is entitled to have the stipulated 1998 valuations applied to the 1999, 2000 and 2001 assessments by operation of RPTL 727, which freezes judicially determined assessed valuations "for the next three succeeding assessment rolls" (RPTL 727 [1]). We, however, agree with respondents that petitioner was required to challenge the assessed valuations of her properties for the 1999 and 2000 tax years while her 1998 challenge was pending and, having failed to do so, is not entitled to relief for those years. In our view, the statutory scheme underlying RPTL article 7 evinces a clear legislative intent that a separate proceeding be timely commenced to challenge each tax assessment for which relief is sought (see RPTL 702, 704, 706; see also 22 NYCRR 202.59 [d] [2]), and the legislative history of RPTL 727 gives no indication that the Legislature intended to relieve petitioner of this requirement in the case of assessment rolls established during the pendency of a prior RPTL article 7 proceeding (see

Governor's Mem, Bill Jacket, L 1995, ch 693; Sponsor's Mem, Bill Jacket, L 1995, ch 693). Accordingly, we find that petitioner, having failed to challenge the 1999 and 2000 assessments of her properties, is not entitled to relief for those tax years.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.