*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                    518851
_____

In the Matter of HIGHBRIDGE
    BROADWAY, LLC,
                    Appellant-
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ASSESSOR OF THE CITY OF
    SCHENECTADY,
                    Respondent.

SCHENECTADY CITY SCHOOL
    DISTRICT,
                    Respondent-
                    Appellant.
_____

Calendar Date:   November 21, 2014

Before:   McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Brian D. Mercy, PLLC, Schenectady (Brian D. Mercy of
counsel), for appellant-respondent.

        Whiteman Osterman & Hanna, LLP, Albany (Jonathan P. Nye of
counsel), for respondent-appellant.

_____

Lynch, J.

        Cross appeals from an order of the Supreme Court (Reilly,
J.), entered June 18, 2013 in Schenectady County, which, among
other things, in a proceeding pursuant to RPTL article 7, denied
petitioner's motion to hold the Schenectady City School District
in civil contempt.

Petitioner owns commercial real property in the City of Schenectady, Schenectady County, which became eligible for the business investment property tax exemption provided for by RPTL 485-b based on improvements made in 2005. The exemption is for a period of 10 years, measured by a gradually decreasing percentage "of the increase in assessed value thereof attributable to such construction, alteration, installation or improvement" (RPTL 485-b [2] [a] [i]). Although eligible, petitioner did not apply for the exemption until 2008, at which time the exemption was granted. In July 2008, petitioner commenced this proceeding pursuant to RPTL article 7, alleging that the property was overassessed on the 2008 tax roll because respondent had undervalued the exemption (see RPTL 701 [4] [b]). Petitioner put the Schenectady City School District on notice (see RPTL 708 [3]), but the District did not appear (see RPTL 712 [2-a]). In 2011, Supreme Court granted summary judgment to petitioner, determining that the value used to calculate the exemption should be increased and that petitioner was entitled to the exemption for years 2008 through 2014.[1] After applying the statutory percentages pursuant to RPTL 485-b (2) (a) (iii), the court directed respondent "to issue refunds to petitioner for previously paid tax years in accordance with [its] calculations."[2]

The City and County of Schenectady issued refunds to petitioner in accordance with Supreme Court's 2011 judgment and, although petitioner sent a copy of the judgment to the District, it did not respond. Petitioner therefore moved to hold the District in civil contempt. Supreme Court declined to hold the District in contempt, but determined that petitioner did not have to file a separate application for each year in which it sought to apply the exemption and that the judgment properly applied the exemption through 2014. Recognizing that the District utilized the 2007, and not the 2008, assessment roll to levy and collect

---

[1]  Petitioner acknowledged that it waived the exemption for 2005 through 2007.

[2]  Supreme Court later clarified that the reference to "tax years" meant the assessments for each year.

school taxes for the 2008-2009 school year (see RPTL 1302 [4]), the court determined that no refund was due from the District based on the 2008 assessment. Both the District and petitioner have appealed.[3]

The District maintains that Supreme Court lacked jurisdiction to order the issuance of refunds for 2009, 2010 and 2011 because petitioner never filed a separate challenge to the assessments for each of those years. Put another way, the issue here is whether petitioner was required to annually commence separate proceedings while its 2008 challenge was pending in order for the court's 2011 judgment increasing the RPTL 485-b exemption to be binding on the subsequent years. Citing to our decision in Matter of Scellen v Assessor for City of Glens Falls (300 AD2d 979 [2002]), the District asserts that petitioner is not entitled to relief because no challenges were made to the 2009 through 2011 assessments. We agree.

In Matter of Scellen, we determined that "the statutory scheme underlying RPTL article 7 evinces a clear legislative intent that a separate proceeding be timely commenced to challenge each tax assessment for which relief is sought" (id. at 980). There, the petitioner's 1998 assessment challenge was resolved in 2000 but, having failed to challenge the 1999 and 2000 assessments, the petitioner could not obtain an assessment reduction by operation of RPTL 727, which freezes judicially determined assessment valuations for the next three assessment rolls. Finding our analysis in Matter of Scellen "persuasive," the Second Department recently reached the same conclusion in Matter of Jonsher Realty Corp./Melba, Inc. v Board of Assessors (118 AD3d 787 [2014]) with respect to the calculation of a transition assessment pursuant to RPTL 1805 (3) (id. at 789).

_____

[3] Although the District did not appear and was thus not a party to the proceeding, the application to hold the District in contempt, coupled with Supreme Court's directive that the District issue refunds, qualifies the District as aggrieved and, thus, a proper appellant (see CPLR 5511; Matter of Currier v Honig, 50 AD2d 632, 632 [1975]).

We are mindful that an RPTL 485-b exemption may be obtained upon a single application (see Schulman Master Ltd. Partnership I v Town/Village of Harrison, 162 AD2d 674, 675 [1990]; Matter of Sitterly Rd. Assoc. v Board of Assessment Review of Town of Clifton Park, 142 AD2d 243, 246 [1988]).  The separate point here, however, is that property owners must preserve their right to relief through annual challenges to the assessment pending a determination of the original assessment challenge.  Since petitioner failed to do so here, Supreme Court lacked jurisdiction to direct the District to refund payments made based on the 2009 through 2011 assessments (see RPTL 726 [1] [c]).  Because disobeying a court's order issued without subject matter jurisdiction may not be punishable as a contempt (see Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995], cert denied 516 US 944 [1995]; see also Lacks v Lacks, 41 NY2d 71, 75 [1976]), petitioner's motion for contempt was properly denied.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as ordered the Schenectady City School District to issue refunds based on the 2009 through 2011 assessment rolls, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court