*453 OPINION OF THE COURT
Chief Judge DiFiore.
The issue on this appeal is whether a taxpayer who files a petition challenging the amount of the 10-year business investment exemption under Real Property Tax Law § 485-b must file annual petitions while the initial petition is pending in order to compel compliance with a resulting court order. We hold that there is no requirement to do so.
I.
RPTL 485-b provides a partial 10-year exemption for certain improvements made to real property, which is known as the business investment exemption. The amount of the exemption in each of the 10 years is calculated using an exemption base, which is the difference between the pre-improvements value of the property and the post-improvements value of the property, as determined by a single assessment roll. For the first year, the exemption base is multiplied by fifty percent to arrive at the exemption amount. In each year thereafter, the exemption base is multiplied by a decreasing percentage until zero is reached in year 11, marking the end of the exemption. RPTL 485-b (3) provides that the exemption can be obtained by filing a single application with the City Assessor.
Petitioner applied for the business investment exemption in March 2008. In July 2008, the City Assessor published the 2008 assessment roll, which valued petitioner’s property at $653,100 and granted petitioner an exemption of $10,470. During this same month, petitioner timely filed a petition to challenge both the assessed value of the property on the 2008 assessment roll and the amount of the business investment exemption that was granted. Petitioner argued that the assessed value of the property was too high and that the amount of the exemption was too low.
The City Assessor was the only respondent named in this proceeding but, as required by RPTL 708 (3), petitioner served a copy of the petition on the Schenectady City School District, within which the property was located. Although the School District could have intervened in the proceeding as of right pursuant to RPTL 712 (2-a), it did not. It is undisputed that the School District received timely notice of the 2008 petition *454 and that the School District knowingly decided not to intervene in this proceeding.
In June 2011, Supreme Court granted summary judgment to petitioner on the amount of the exemption and recalculated the exemption for years 2008 through 2014. The court directed the City Assessor to issue refunds to petitioner for a portion of previously paid taxes. Copies of the court’s order were sent to the City Assessor and the School District. The order was not appealed.
The City Assessor complied with the order and the City and County of Schenectady issued refunds to petitioner. The School District, however, refused to issue refunds. Petitioner then moved to hold the School District in contempt and for an award of costs, sanctions and attorneys’ fees.
Supreme Court refused to hold the School District in contempt because the court’s order directing refunds did not specifically reference the School District. The court, however, determined that the plain language of the statute established that only a single application was required to obtain the business investment exemption.[1] Therefore, the court concluded that a single petition sufficed to challenge the exemption. Thus, the court ordered the School District to issue refunds of any excess taxes it collected during the 2009 through 2014 calendar years due to the prior incorrect calculation of petitioner’s exemption.[2]
Both petitioner and the School District appealed. The Appellate Division modified, on the law, by reversing the portion of the order that directed the School District to issue refunds for the 2009, 2010 and 2011 assessment rolls (124 AD3d 1193 [3d Dept 2015]).[3] The Appellate Division concluded that, even though only a single petition was required to apply for the business investment exemption, unless petitioner filed annual *455 challenges to “the assessment” in 2009, 2010 and 2011, while the initial 2008 petition was pending, petitioner failed to preserve its challenge. Since petitioner had failed to file these annual challenges, the Appellate Division held that the court lacked jurisdiction to order the School District to issue refunds for these three assessment rolls. The Appellate Division relied on Matter of Scellen v Assessor for City of Glens Falls (300 AD2d 979 [3d Dept 2002]) to support its determination.[4]
We granted petitioner leave to appeal the portion of the Appellate Division order that vacated the Supreme Court order directing the School District to issue tax refunds for the 2009, 2010 and 2011 assessment rolls (25 NY3d 1097 [2015]). We now reverse, and reinstate the portion of the Supreme Court order directing the School District to issue refunds on any taxes collected in excess of the amount petitioner would have paid if the properly calculated exemption had been applied to the 2009 through 2011 assessment rolls.
II.
As previously explained, the business investment exemption is of 10 years’ duration and the amount of the exemption in each of the 10 years is calculated using a single assessment roll.[5] Petitioner argues that the single petition in 2008 preserved its right to obtain tax refunds for 2009, 2010 and 2011. Petitioner contends that it would be “pointless” to require a taxpayer to file annual petitions to challenge the amount of *456 the business investment exemption because the exemption is determined by a single assessment roll — here, the 2008 assessment roll.
The School District argues that petitioner is not entitled to tax refunds for 2009, 2010 and 2011 because, in order to receive refunds in RPTL article 7 tax certiorari proceedings, separate tax certiorari proceedings must be filed each year in which refunds are sought.
When petitioner filed this article 7 proceeding in 2008 and served it on the City Assessor and the School District, petitioner made two claims: (1) that the property assessment listed on the 2008 assessment roll was overvalued and (2) that the amount of the business investment exemption granted was undervalued.[6] As explained above, in the context of RPTL 485-b, the specific assessment roll that is used to calculate the exemption base is the only relevant assessment roll; once the exemption base is determined, a statutory formula is applied to calculate the business investment exemption amount for all 10 years.
Here, there is no dispute that the 2008 assessment roll was used to calculate the exemption base. As Supreme Court correctly concluded, the successful petition challenging the mathematical calculation of the exemption amount for 2008 applied in all subsequent years subject to the exemption. Supreme Court determined, and we agree, that the plain language of RPTL 485-b establishes that a single petition challenging the business investment exemption suffices. Moreover, petitioner is correct that to require petitions to challenge the business investment exemption amount in 2009, 2010 and 2011 *457 would serve no practical purpose, since the exemption amounts at issue were all derived from the 2008 assessment roll.
Indeed, to require a challenge in subsequent years means that in each of 2009, 2010 and 2011, petitioner would have had to challenge the value of the 2008 assessment roll and the manner in which the statutory formula was applied to that assessment roll. Both the value of the 2008 assessment roll and the calculation of the exemption amount were, however, already subject to court review in the 2008 petition. There was nothing in the assessment rolls for 2009 through 2011 to challenge that had not already been challenged by the 2008 petition. Since the assessment rolls for 2009, 2010 and 2011 are irrevelant to the calculation of the exemption, we will not require annual RPTL 485-b challenges to correct an error that was already identified and addressed by a petition in an earlier year.
Put another way, when a computational error based on a single assessment roll results in the miscalculation of the RPTL 485-b exemption, we hold that this error may be challenged by a single petition at the time the error is discernible. It is a waste of resources for all involved, including the courts, to require a property owner to bring a challenge addressing the same error in each and every year the exemption applies.
The dissent argues that to preserve a taxpayer’s right to refunds, “it is necessary to commence a proceeding to challenge each final assessment while the court’s determination of the taxpayer’s challenge to such calculation is pending” (dissenting op at 462).[7] At the same time, the dissent concedes that “the relevant statutes do not expressly state that a proceeding must be brought for every year in which a refund is sought” (dissenting op at 463). The dissent adopts the logic of the Appellate *458 Division, concluding that “ ‘the statutory scheme underlying RPTL article 7 evinces a clear legislative intent that a separate proceeding be timely commenced to challenge each tax assessment for which relief is sought’ ” (124 AD3d at 1194, quoting Matter of Scellen, 300 AD2d at 980). We disagree and conclude that the statutory scheme with respect to RPTL 485-b evinces no such intent.
In recognition of the significant resources courts devote to tax certiorari proceedings, the legislature has enacted measures to curb unnecessary litigation that drains the resources of the courts. In 1995, the legislature created RPTL 727 — which freezes a property’s assessed value for three assessment rolls after its value has been judicially adjusted by a court — to curb the number of annual challenges and “spare all parties the time and expense of repeated court intervention” (Governor’s Approval Mem, Bill Jacket, L 1995, ch 693 at 5).[8] The legislature has also taken steps to expedite tax certiorari proceedings by creating mechanisms that accelerate the note of issue (see Sponsor’s Mem, Bill Jacket, L 1995, ch 693).
Significantly, the dissent ignores the legislative history of the business investment exemption itself, which also reflects the legislature’s desire to preserve court resources. The business investment exemption was made available in 1976 to provide “partial tax exemptions for a 10-year period to encourage the construction and expansion of commercial and industrial facilities in the State” (Newsday, Inc. v Town of Huntington, 55 NY2d 272, 275 [1982]). Notably, this section originally provided for the exemption to be recalculated by the Assessor each year based on annual increases in the assessed value of the improved property. In 1985, RPTL 485-b was amended to alleviate the need for the Assessor to continually recalculate the assessed value of the property for purposes of determining the exemption amount (see Mem of Senator Charles D. Cook supporting L 1985, ch 512,1985 NY Legis Ann at 204). The amendment provided that the exemption be calculated based on a single assessment roll — thereby creating greater certainty dur *459 ing the 10-year duration of the exemption for taxpayers, assessors, and school districts alike, and removing the need for annual challenges.
Lastly, the School District argues that it is not permitted to set aside funds in reserve to cover potential refunds in years in which a separate petition is not filed. If the School District believes that the Education Law prohibits reliance on a properly filed RPTL 485-b petition to set aside funds in subsequent years subject to the exemption, and wishes to be able to set aside such funds, the School District may seek relief from the legislature.
Accordingly, the Appellate Division order insofar as appealed from should be reversed, with costs, and the order of Supreme Court reinstated.

. New York courts have consistently interpreted RPTL 485-b as “a single 10-year exemption” (see e.g. Schulman Master Ltd. Partnership I v Town/Village of Harrison, 162 AD2d 674, 675 [2d Dept 1990], citing Matter of Twenty First Point Co. v Town of Guilderland, 101 AD2d 407 [3d Dept 1984], affd 64 NY2d 954 [1985]).

. The court excluded any taxes collected by the School District in 2008 from this order because the court concluded, based on the evidence presented, that the taxes collected by the School District in 2008 used the 2007 assessment roll.

. The Appellate Division order only addressed the 2008 through 2011 assessment rolls. Therefore, the portion of the Supreme Court’s order directing tax refunds for 2012 through 2014 was not disturbed.

. In Matter of Scellen, the Appellate Division held that, in order for a judicially reduced assessment to be subject to the three-year assessment valuation freeze under RPTL 727, petitioner must file petitions challenging the assessment value in each of the three years subject to the freeze. Recently, another Appellate Division Department declined to follow Matter of Scellen (see Matter of The Torok Trust v Town Bd. of Town of Alexandria, 128 AD3d 97 [4th Dept 2015]). Notably, however, neither of these decisions addresses RPTL 485-b, the statute at issue here.

. The dissent takes issue with our assertion that the exemption is calculated using a single assessment roll, claiming “this will not always be the case” and citing to RPTL 485-b (2) (a) (ii) (see dissenting op at 466). RPTL 485-b (2) (a) (ii) provides an automatic adjustment to the exemption amount when the assessed value of the land increases or decreases by “fifteen percent or more” in any year in which the exemption applies. As the dissent does not and cannot deny, here, the assessed value of the land never increased or decreased by fifteen percent or more, so 485-b (2) (a) (ii) was never implicated. Of even greater importance, the automatic adjustment under RPTL 485-b (2) (a) (ii) applies regardless of whether a petition is filed to challenge the exemption amount. Since this provision applies with or without the filing of a petition, it has no bearing on our analysis.

. The dissent attempts to undercut the significance of the fact that the petition was timely provided to the School District in 2008, affording the School District not only the opportunity to intervene, but to anticipate the potential impact if petitioner’s challenge to the exemption calculation was successful. The dissent suggests the petition was ambiguous because “[a]side from citing to RPTL 485-b, the petition provided no indication that any assessments other than the 2008 assessment were at issue” (dissenting op at 460). School districts are, of course, deemed to be aware of the impact of an RPTL 485-b exemption. In fact, RPTL 485-b (7) affords school districts the opportunity to opt out of the business investment exemption, which the School District had not done here. Because the business investment exemption spans multiple years and is calculated using a single assessment roll, it should have been clear to the School District that a challenge to the calculation of this exemption would change the exemption amount in all years in which the exemption applied. Thus, the dissent’s position is belied by the very nature of the RPTL 485-b exemption.

. Notably, none of the cases the dissent cites for this proposition concern RPTL 485-b and its 10-year exemption. For example, the dissent cites People ex rel. Hilton v Fahrenkopf (279 NY 49, 52-53 [1938]) and Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon (61 NY2d 695, 698 [1984]) to the effect that “[e]ach annual proceeding is separate and distinct from every other”; those cases therefore held that res judicata does not apply from one year to the next because each assessment is different. But precisely the opposite is true with respect to the 10-year exemption provided under RPTL 485-b. Because there is “only one tax exemption which is applied over a 10-year period,” in Schulman Master Ltd. Partnership I v Town/Village of Harrison (162 AD2d 674, 675 [2d Dept 1990]), in which succeeding property owners attempted to challenge an RPTL 485-b exemption that their predecessors had unsuccessfully challenged three years earlier, the Appellate Division found that res judicata applied to defeat the subsequent action (id. at 675-676).

. The dissent’s discussion of RPTL 727 misses our point about this section, which is that it demonstrates the legislature’s desire to decrease the amount of tax certiorari litigation. We agree with both petitioner and the School District that it is unnecessary even to address RPTL 727 to decide this appeal. We note, however, that the dissent’s interpretation of RPTL 727, which adopts that in Matter of Scellen (300 AD2d 979), was recently rejected in Matter of The Torok Trust v Town Bd. of Town of Alexandria (128 AD3d 97 [4th Dept 2015]), as referenced above.