Stein, J.
(dissenting). It has long been commonly understood that a taxpayer who commences an RPTL article 7 proceeding challenging an assessment in a specific tax year must commence annual proceedings to protest subsequent assessments while the initial proceeding is pending in order to preserve the right to a refund for taxes paid in any additional years. The majority now deviates from that rule in the context of a real property tax exemption, despite the absence of any statutory language in RPTL 485-b compelling its conclusion. In my view, the majority’s holding is inconsistent with the statutory scheme set forth in RPTL article 7 and the general principle that taxes must be paid under protest in order for the taxpayer to be entitled to a refund. In addition, I believe that the majority’s holding will prove to be unduly burdensome to school districts. Therefore, I respectfully dissent.
Inasmuch as the majority accurately recounts, in some detail, the facts and procedural history of the underlying litigation, only a brief summary follows. Petitioner applied for, and was granted, an RPTL 485-b partial tax exemption in 2008 based on the completion of certain improvements to its property in 2005.[1] Petitioner then unsuccessfully filed a complaint with the Assessor challenging the 2008 tentative assessment valuation and the Assessor’s calculation of the exemption (see RPTL 512). *460 After the final 2008 assessment roll was filed, petitioner commenced an RPTL article 7 proceeding to review the 2008 assessment, again challenging the valuation and the exemption amount. Aside from citing to RPTL 485-b, the petition provided no indication that any assessments other than the 2008 assessment were at issue. In 2011, Supreme Court granted petitioner’s subsequent motion for summary judgment to the extent that it held that the Assessor had incorrectly calculated the amount of the exemption prospectively through 2014, thereby entitling petitioner to a refund for the intervening years.
The Schenectady City School District — which had been notified of the proceeding pursuant to RPTL 708 (3), but had not appeared (likely because the School District did not rely on the 2008 assessment to issue any tax bills) — refused petitioner’s demands for a refund, maintaining that petitioner was not entitled to refunds for those years for which it had not filed an RPTL article 7 petition. Although Supreme Court denied petitioner’s ensuing motion to hold the School District in contempt, it held, in 2013, that the School District was required to issue refunds for any years for which it had collected taxes based on the erroneous exemption calculation. On the resulting cross appeals, the Appellate Division modified Supreme Court’s order by vacating the direction that the School District issue refunds to petitioner, and otherwise affirmed (124 AD3d 1193 [3d Dept 2015]). The Appellate Division held — correctly, in my view — that the School District could not be compelled to issue refunds because “property owners must preserve their right to relief through annual challenges to the assessment pending a determination of the original assessment challenge,” and petitioner had not commenced a proceeding for any year other than 2008 (124 AD3d at 1195).
As noted by the majority, the partial tax exemption afforded by RPTL 485-b is available for a period of 10 years, and the amount of the exemption for each year is generally calculated pursuant to a statutory formula that uses an “exemption base” derived from the increase in the property’s assessed value in the first year to which the exemption applies (see RPTL 485-b [2] [a] [i]).[2] In order to obtain the exemption, a taxpayer is *461 required to file an application with the City Assessor within one year of the completion of the improvements upon which the exemption is based (see RPTL 485-b [3]). If the application is approved, the Assessor calculates the amount of the exemption, and then enters the assessed value of the exemption on the assessment roll (see RPTL 485-b [4]).
The majority concludes that “the plain language of RPTL 485-b establishes that a single petition challenging the business investment exemption suffices” to compel a school district or other entity to refund taxes — for all years pending judicial determination — based on an improper exemption calculation (majority op at 456). To be sure, RPTL 485-b requires only a single application for the exemption, itself. However, that statute does not address the necessity of filing petitions to challenge denials or calculations of exemptions; nor does it otherwise govern judicial review of such issues (see RPTL 485-b [3]). This is because proceedings challenging the denial or calculation of an RPTL 485-b exemption in an assessment— like almost all real property tax certiorari proceedings — are governed by RPTL article 7, whereas RPTL 485-b merely sets forth the manner in which an exemption may be requested, calculated, and granted by the Assessor (see RPTL 700 [1] [“A proceeding to review an assessment of real property shall be brought as provided in this article unless otherwise provided by law”]; 706 [1] [“The grounds for reviewing an assessment shall be that the assessment to be reviewed is excessive, unequal or unlawful, or that real property is misclassified”]; 701 [4] [b] [an assessment may be “excessive because the real property failed to receive all or a portion of a partial exemption to which the real property or owner thereof is entitled pursuant to the law authorizing the partial exemption” (emphasis added)]). Indeed, it is settled that, in circumstances such as those presented here, an RPTL article 7 proceeding is a taxpayer’s exclusive remedy to redress the denial or miscalculation of a partial tax exemption (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204 [1991]; Hewlett Assoc. v City of New York, 57 NY2d 356, 363 [1982]; Dun & Bradstreet, Inc. v City of New York, 276 NY 198, 206 [1937]). Thus, we must look to RPTL article 7, not RPTL 485-b, to determine whether a taxpayer is required to file successive petitions while judicial review is pending in *462 order to preserve the right to a refund for taxes paid in subsequent years.[3]
A close inspection of RPTL article 7 reveals that, where successive assessments may be affected by judicial review, proceedings must be commenced for each assessment upon which the petitioner intends to seek recovery. Throughout article 7, the statutory provisions refer to court review of an “assessment,” and require that the judicial proceeding to review an assessment be brought within 30 days of the completion and filing of the final assessment roll (RPTL 702 [2]). Manifestly, the very nature of a yearly “assessment,” as well as the time limitations delineated in article 7, precludes the conclusion that multiple years of assessments can routinely be challenged in the same petition (see generally Matter of Sterling Estates v Board of Assessors of County of Nassau, 66 NY2d 122, 126 [1985] [“(i)n short, the taxpayer must tell the assessors what assessment he (or she) protests and why it is wrong” (emphasis added)]). In other words, RPTL article 7 plainly contemplates a separate challenge to each yearly assessment. Moreover, it is clear that the provisions of article 7 also govern challenges to the calculation of exemptions (see RPTL 700 [1]; 701 [4] [b]; 706), without qualifying or altering the general requirement that a taxpayer must challenge the specific assessment that it seeks to have reviewed and modified in order to obtain a refund of taxes paid pending such review.
It logically follows, then, that where more than one “assessment” is affected by an erroneous exemption calculation, it is necessary to commence a proceeding to challenge each final assessment while the court’s determination of the taxpayer’s challenge to such calculation is pending, in order to preserve the taxpayer’s right to a refund or refunds for the intervening year(s). Indeed, RPTL 726 — which governs entitlement to refunds — provides that a refund may be ordered if “it is determined that the assessment reviewed was excessive, unequal or unlawful, or that real property was misclassified” (RPTL 726 [1] [emphasis added]). Consequently, where a *463 taxpayer fails to commence proceedings relative to subsequent assessments, RPTL 726 does not apply because such assessments have not been reviewed by the court and, accordingly, the taxpayer is not entitled to a refund based on such assessments.[4]
As the Third Department stated in Matter of Scellen v Assessor for City of Glens Falls, the aforesaid statutory scheme “evinces a clear legislative intent that a separate proceeding be timely commenced to challenge each tax assessment for which relief is sought” (300 AD2d 979, 980 [3d Dept 2002]). This reasoning was recently adopted by the Second Department (see Matter of Jonsher Realty Corp./Melba, Inc. v Board of Assessors, 118 AD3d 787, 789 [2d Dept 2014]), and I find it to be persuasive. Moreover, while the relevant statutes do not expressly state that a proceeding must be brought for every year in which a refund is sought, this has long been understood as the governing rule. For example, the 1988 edition of a leading treatise in real property assessment law states that “each tax year requires a new proceeding, even if a previous proceeding is still pending” (Harry O. Lee & Wilford A. LeForestier, Review and Reduction of Real Property Assessments in New York § 1.01 at 6 [3d ed 1988]). The treatise explains,
“Because of the leisurely pace at which certiorari proceedings are tried and the length of time involved in preparing a case, it is common for a certiorari proceeding to review a tax assessment for one year to remain on the calendar beyond the deadline for the filing of papers for the following year .... If such is the case, it is imperative that the [taxpayer] file the necessary complaint to reserve the right of review for each year and then commence a new judicial proceeding. A motion for consolidation of the proceedings for two or more unresolved years is then in order” (Review and Reduction of Real Property Assessments in New York § 4.06 at 210-211).
The enactment of RPTL 727 — which provision, as the majority notes, is not directly at issue here — did not alter or abolish *464 the rule that annual petitions must be filed with respect to challenges to valuations or éxemptions for intervening years. Indeed, the freezing of a property’s assessed value for three assessment rolls after its value has been judicially adjusted, as provided in RPTL 727, is aimed at reducing the need for court intervention. However, this change was prompted, not by any perceived burden in requiring a taxpayer to take the minimal steps necessary to file annual petitions while review is pending, but, rather, by the fact that “[t]here [was] no current provision of. . . law restricting an assessor from increasing an assessment in the year following a judicially ordered reduction” (Sponsor’s Mem, Bill Jacket, L 1995, ch 693 at 7). In other words, the legislature was concerned that, upon reduction of an assessment by the court in an RPTL article 7 proceeding, an assessor would inflate the following year’s assessment value in order to compensate for the reduction in taxes, which would then require the taxpayer to fully litigate each increase. This impetus is evidenced by the reference to RPTL 722, which provides for an award to the taxpayer of certain monetary allowances if the Assessor is found to have increased the assessed property value without adequate cause (see Sponsor’s Mem, Bill Jacket, L 1995, ch 693 at 7; RPTL 722 [2] [a]). In fact, the amendments to the RPTL that included the enactment of RPTL 727 were specifically designed to “provid[e] much-needed relief to the school districts and local governments across the State, whose finances have long been imperiled by the existing certiorari process” that permitted taxpayers to accumulate multiple years worth of tax refunds by allowing their proceedings to languish the full four years before a note of issue was required to be filed (Governor’s Approval Mem, Bill Jacket, L 1995, ch 693 at 5). Thus, “the legislative history of RPTL 727 gives no indication that the Legislature intended to relieve petitioner of [the] requirement [of filing annual petitions] in the case of assessment rolls established during the pendency of a prior RPTL article 7 proceeding” (Matter of Scellen, 300 AD2d at 980).
Nor does the rule that a taxpayer must file petitions for intervening years follow solely from the fact that an assessment may change from year to year, which is the basis upon which petitioner and the majority seek to distinguish RPTL proceedings challenging exemptions from RPTL proceedings challenging assessments on other grounds. To be sure, we have recognized the potential for an intervening assessment to *465 change with the passing years (cf. People ex rel. Hilton v Fahrenkopf, 279 NY 49, 52-53 [1938] [“Each annual proceeding is separate and distinct from, every other”]; see also Vantage Petroleum,; Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon, 61 NY2d 695, 698 [1984]), and this is a factor that supports my conclusion that each and every assessment must be challenged individually.[5] More fundamentally, however, the requirement implicit in article 7 that a taxpayer challenge the assessment for each year in which a refund is sought is primarily a corollary of the principle that taxes paid without protest — as were petitioner’s property taxes for the years other than 2008 — are generally unrecoverable (see Video Aid Corp. v Town of Wallkill, 85 NY2d 663, 666 [1995]; City of Rochester v Chiarella, 58 NY2d 316, 323 [1983]; Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 425 [1957]; Adrico Realty Corp. v City of New York, 250 NY 29, 32 [1928]). We have also recognized that “the Legislature has specified that protest is a condition precedent to a proceeding under Real Property Tax Law article 7 by providing that a petition seeking review ‘must show that a complaint was made in due time to the proper officers to correct such assessment’ ” (Sterling Estates, 66 NY2d at 126, quoting RPTL 706 [2]; see RPTL 512). Yet, here, the majority ignores both petitioner’s failure to comply with the requirement of RPTL article 5 that it grieve each assessment and petitioner’s failure to petition the court in protest of each assessment.
Again, while RPTL 485-b unquestionably requires only one application for the exemption — which, if properly granted and calculated, requires the taxpayer to take no further action to receive the exemption for the duration of the statutory time period — where the taxpayer challenges the denial or calculation of the exemption, the statutory scheme of RPTL article 7 governs. Under article 7, by failing to file petitions for each year during the pendency of the court’s review, petitioner forfeited its right to seek through the court a refund of taxes based on assessments from those intervening years. For that reason, although RPTL 726 (1) (c) provides that school districts are bound by final orders directing the correction of an assessment on the assessment roll, the Appellate Division correctly *466 concluded that Supreme Court lacked jurisdiction to compel the School District to issue refunds for any year for which a petition was not filed.
I further disagree with the majority’s conclusion that “to require [petitioner to file a petition] to challenge the . . . exemption amount [in each year] would serve no practical purpose” because the exemption is granted upon a single application and is typically derived at the outset from the initial assessment (majority op at 456-457). Although it is true that the amount of the RPTL 485-b exemption at issue here appears to be dependent upon only the 2008 assessment, this will not always be the case (see RPTL 485-b [2] [a] [ii]). In any event, “[i]t is scarcely necessary to recite the importance of the assessment process to the fiscal operation of municipalities” (Sterling Estates, 66 NY2d at 124; see Video Aid Corp., 85 NY2d at 667). As evidenced by the various amendments to the RPTL aimed at ensuring that school districts receive adequate notification of, and the ability to participate in, tax certiorari proceedings, the legislature has repeatedly recognized that such proceedings, and the refunds that may flow therefrom, have a substantial impact on school district finances and budgeting. For example, the School District points out that, under Education Law § 3651 (1-a), it cannot withdraw funds from its tax certiorari reserve fund to cover the costs of refunds for years subsequent to the year in which the monies are deposited into such fund (see Education Law § 3651 [1-a]; 43 Ed Dept Rep 20 [Decision No. 14,904]). Petitioner’s failure to commence proceedings for each year has, therefore, impeded the School District’s ability to anticipate and adequately plan for the reimbursement of tax monies that were received several years earlier (see Education Law § 3651 [1-a], [6]).
The majority’s ruling today imposes a substantial burden on school districts by requiring them to speculate as to which years’ assessments may be implicated in each and every petition relating to any of the numerous potential real property tax exemptions (see generally RPTL art 4). Notably, the difficulty inherent in accurately gauging the number of years in which an exemption may be applied is evidenced by the very case before us, where, although petitioner sought a 10-year exemption, it waived several years of the exemption through its late application. The administrative burden attendant to estimating, in advance, the number of years and the amount of *467 potential refunds that may be at issue, without the benefit of successive petitions, will be considerable.[6]
The majority’s comment that the School District could have chosen to participate in the proceedings below misses the point. The School District’s appearance in the 2008 proceeding would not have alleviated the problems caused by petitioner’s failure to file successive petitions because it likely still would not have known that petitioner would seek refunds for subsequent years until petitioner first requested such relief in its motion for summary judgment, made several years after the proceeding was commenced. By contrast, had petitioner filed separate petitions for review of the 2009 through 2011 assessments — despite the fact that its objections may have been identical to its challenge to the 2008 assessment — the School District would then have been alerted of the possibility that it would owe petitioner a tax refund for each of those years and could have planned accordingly.
Ultimately, the majority’s holding undermines the legislative intent behind the amendments to the RPTL permitting school districts to decline to become a party to every tax certiorari proceeding in recognition of the substantial time and expense involved (see RPTL 712 [2-a]; L 1996, ch 503, § 2). Pursuant to this decision, school districts will now be compelled to spend their limited resources on appearances in tax certiorari proceedings relating to assessments upon which they may not even have relied. This is contrary to the very purpose of the RPTL statutory scheme.
In sum, I would affirm the Appellate Division order and hold that petitioner was not entitled, under RPTL article 7, to refunds from the School District based on its failure to protest any assessment other than the 2008 assessment.
Judges Pigott, Rivera, Abdus-Salaam, Fahey and Garcia concur; Judge Stein dissents and votes to affirm in an opinion.
*468 Order insofar as appealed from, reversed, with costs, and order of Supreme Court reinstated.

. Petitioner apparently did not apply for the exemption until 2008, well beyond the one-year statutory deadline (see RPTL 485-b [3]). Because the exemption was granted nonetheless, and no party argued in the courts below or in this Court that the application was untimely, that issue is not before us.

. However, in the event of a change in the property’s assessment equal to or greater than 15% during the exemption period, the statute provides a separate formula and process for calculating a new exemption base and, accordingly, a new exemption amount (see RPTL 485-b [2] [a] [ii]).

. For this reason, the legislature’s amendment of RPTL 485-b (to provide that the exemption amount for each year be derived from the exemption base established in the first year in order to alleviate the Assessor’s burden of reassessing an eligible property every year) is irrevelant to the question presented here — -that is, whether a challenge to the computation of the exemption, which may be applied to successive years, necessitates successive proceedings during the pendency of the challenge.

. This underlying principle is similarly reflected in (1) the Uniform Rules for the New York State Trial Courts, which require that “[a] separate note of issue shall be filed for each property for each tax year” (22 NYCRR 202.59 [d] [2]; 202.60 [e] [2]), and (2) RPTL 710, which provides for easy consolidation of RPTL proceedings to facilitate efficient and economical review of related or successive petitions.

. Such factor is implicated with an RPTL 485-b exemption, as well, since, as previously noted, the exemption base derived from the first assessment may be recalculated if the assessed value fluctuates by 15% or more (see RPTL 485-b [2] [a] [ii]).

. The majority presupposes that an exemption that could potentially be applicable to multiple tax years will necessarily be awarded for that entire period. However, it is entirely plausible that there could be intervening years in which a taxpayer does not seek a refund based on an exemption, resulting in an overestimation and earmarking of funds for tax certiorari refunds and an unnecessary reduction in the School District’s available resources. In the absence of petitions to signal each year for which a petitioner may seek a refund, the School District’s ability to appropriately respond is impaired.