OPINION OF THE COURT
Robert J. Muller, J.
Petitioner commenced this CPLR article 78 proceeding in *292 January 2015 seeking refunds of real property taxes paid from 2011 to 2013. Before respondents answered, the parties entered into a stipulation, which was so ordered by the court in April 2015, staying the proceeding pending a decision from the Appellate Division, Third Department, in a potentially dispositive case involving the same parties and the same issues. In June 2015, that case was decided favorably to respondents (see Matter of Level 3 Communications, LLC v Essex County, 129 AD3d 1255 [2015]) and, in October 2015, the Court of Appeals denied leave (26 NY3d 907 [2015]). The stay was terminated and, after petitioner declined respondents’ request to withdraw this proceeding, respondents submitted a verified answer in June 2016 (together with the administrative record and an affidavit from the director of real property tax services for the County) seeking dismissal of the petition.
Petitioner has asked for a further stay of this proceeding (see CPLR 2201). Petitioner’s counsel acknowledges that the Third Department’s decision in Matter of Level 3 Communications, LLC v Essex County (129 AD3d 1255 [2015]) is dispositive and that dismissal is appropriate “if the Third Department’s ruling is not overruled by the Third Department or otherwise disapproved by the Court of Appeals” (affirmation of John G. Nicolich, Esq., June 24, 2016, ¶ 4). Petitioner urges that the court issue a further stay since, after the Third Department’s June 2015 decision, the Court of Appeals rendered a May 2016 decision in Matter of Highbridge Broadway, LLC v Assessor of the City of Schenectady (27 NY3d 450 [2016]), which arguably could impact the earlier Third Department holding in Matter of Level 3 Communications, LLC v Essex County. Significantly, on September 6, 2016, petitioner argued before the Third Department a case with the same issue as relevant herein (Matter of Level 3 Communications, LLC v Clinton County, 114 AD3d 115 [2016]) in which it urged that, based on Matter of Highbridge Broadway, LLC, the relevant rationale in the June 2015 decision of the Third Department should be overruled.
“If the point of law involved in the case, and potentially dispositive of it, is about to be definitively decided in another case presently on appeal before a court whose decisions bind the trial court, the action may be stayed to await the decision. This should be done sparingly, however, and only when the decision is imminent” (Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2201:ll [citations omitted]; *293 see 3A Carmody-Wait 2d § 22:20; Home Equity Mtge. Trust Series 2006-5 v DLJ Mtge. Capital, Inc., 2013 NY Slip Op 32963 [U] [Sup Ct, NY County 2013]).
Under the unique and narrow circumstances, the court will stay this proceeding briefly. Factors considered in granting this brief stay include that oral argument has already occurred in Matter of Level 3 Communications, LLC v Clinton County, the Third Department typically renders its decisions within 30 to 45 days of argument, there was a Court of Appeals case after the Third Department’s June 2015 decision arguably touching on the pertinent issues, and petitioner’s candor in acknowledging that it will not prevail in this proceeding unless the rationale in the Third Department’s June 2015 decision is overruled. However, no further stay will be granted. If petitioner does not convince the Third Department in Matter of Level 3 Communications, LLC v Clinton County to reverse the relevant portion of Matter of Level 3 Communications, LLC v Essex County, then this proceeding will be dismissed. The court will not, as further suggested by petitioner, await a decision from the Fourth Department in a similar case petitioner has pending there for which oral argument is not scheduled until November 2016 nor will the court await a decision on an application to the Court of Appeals for leave to appeal in Matter of Level 3 Communications, LLC v Clinton County should it be decided unfavorably to petitioner (see generally Miller v Miller, 109 Misc 2d 982 [1981]; Home Equity Mtge. Trust Series 2006-5 v DLJ Mtge. Capital, Inc., 2013 NY Slip Op 32963[U] [2013], supra).
Accordingly, it is ordered that this proceeding is stayed until a decision is handed down by the Appellate Division, Third Department, in the case Matter of Level 3 Communications, LLC v Clinton County (114 AD3d 115 [2016]) which was argued September 6, 2016.